IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLOIRDA

CASE NO.: 3:24-cv-00404-MCR-ZCB

NICHOLAS FORD and ALONZO
HAWKINS,

     Plaintiffs,

v.

SOUTHERN ROAD & BRIDGE,
LLC,

     Defendant.

_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

COMES NOW Defendant, SOUTHERN ROAD & BRIDGE, LLC (hereinafter "Defendant"), by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and files its Answer, Affirmative Defenses and Demand for Jury Trial in response to Plaintiffs', NICHOLAS FORD and ALONZO HAWKINS (hereinafter "Plaintiffs"), Amended Complaint, and as follows:

## INTRODUCTION

1.    Denied.

2.    Denied that there were any unlawful employment practices as alleged by Plaintiffs.

## PARTIES

3.    Without knowledge as to his residence, therefore denied.

4.    Without knowledge as to his residence, therefore denied.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Denied.

9.    Denied.

10.    Admitted Defendant employed Plaintiff during certain periods relevant to this lawsuit. The remaining allegations of this paragraph are legal conclusions to which no response is required; the extent response is required all allegations are denied.

11.    Admitted Defendant employed Plaintiff during certain periods relevant to this lawsuit. The remaining allegations of this paragraph are legal conclusions to which no response is required; the extent response is required all allegations are denied.

12.    Admitted Defendant employed Plaintiff during certain periods relevant to this lawsuit. The remaining allegations of this paragraph are legal conclusions to

which no response is required; the extent response is required all allegations are denied.

13.     Admitted Defendant employed Plaintiff during certain periods relevant to this lawsuit. The remaining allegations of this paragraph are legal conclusions to which no response is required; the extent response is required all allegations are denied.

14.     Admitted Defendant employed Plaintiff during certain periods relevant to this lawsuit. The remaining allegations of this paragraph are legal conclusions to which no response is required; the extent response is required all allegations are denied.

15.     Admitted Defendant employed Plaintiff during certain periods relevant to this lawsuit. The remaining allegations of this paragraph are legal conclusions to which no response is required; the extent response is required all allegations are denied.

## **JURISDICTION AND VENUE**

16.     Admitted for jurisdictional purposes only; Defendant denies that Plaintiff is owned or entitled to any relief or has a cause of action for violation of same, and Defendant demands strict proof thereof.

17.    Admitted for jurisdictional purposes only; Defendant denies thatPlaintiff is owned or entitled to any relief or has a cause of action for violation of same, and Defendant demands strict proof thereof.

## ADMINISTRATIVE PREREQUISITES

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Admitted.

23.    Denied.

24.    Denied.

## FACTUAL ALLEGATIONS

### FLSA Coverage

25.    Admitted Defendant employed employees during certain periods relevant to this lawsuit. The remaining allegations of this paragraph are legal conclusions to which no response is required; the extent response is required all allegations are denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    The allegations of this paragraph are legal conclusions to which no response is required; the extent response is required all allegations are denied.

30.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all allegations are denied.

31.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all allegations are denied.

### **Defendant Unlawfully Violated the FLSA from the Onset of Plaintiffs' Employment**

32.    Admitted.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Admitted.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

## **Defendant Unlawfully Discriminated Against Plaintiffs on the Basis of their Race and Color**

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Without knowledge, therefore denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96    Denied.

## COUNT I
### 42 U.S.C. § 1981
### RACE AND COLOR DISCRIMINATION
### (Plaintiff Hawkins as Against Defendant)

97.    Defendant realleges its responses to paragraphs 25 through 96 as if fully

set forth herein.

98.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

99.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

100.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

101.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.   Denied.

## COUNT II
### 42 U.S.C. § 1981
### HOSTILE WORK ENVIRONMENT
### (Plaintiff Hawkins as Against Defendant)

111.   Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

112.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

113.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

114.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

## **COUNT III**
### **42 U.S.C. § 1981**
### **RETALIATION**
### **(Plaintiff Hawkins as Against Defendant)**

125.    Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

126.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

127.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

128.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

129.    Denied.

130.  Denied.

131.  Denied.

132.  Denied.

133.  Denied.

134.  Denied.

135.  Denied.

136.  Denied.

137.  Denied.

138.  Denied.

139.  Denied.

140.  Denied.

141.  Denied.

142.  Denied.

143.  Denied.

144.  Denied.

145.  Denied.

146.  Denied.

147.  Denied.

## COUNT IV
## 42 U.S.C. § 2000e-2
## RACE AND COLOR DISCRIMINATION
### (Plaintiff Hawkins as Against Defendant)

148.   Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

149.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

150.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

151.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

152.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

153.   Denied.

154.   Denied.

155.   Denied.

154.  Denied.

155.  Denied.

156.  Denied.

157.  Denied.

158.  Denied.

159.  Denied.

160.  Denied.

161.  Denied.

## COUNT V
### 42 U.S.C. § 2000e-2
### HOSTILE WORK ENVIRONMENT
### (Plaintiff Hawkins as Against Defendant)

162.  Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

163.  The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

164.  The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

165.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

**<u>COUNT VI</u>**
**42 U.S.C. § 2000e-3**
**RETALIATION**
**(Plaintiff Hawkins as Against Defendant)**

176.   Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

177.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

178.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

## COUNT VII
### § 760.10(1), Fla. Stat.
### RACE AND COLOR DISCRIMINATION
### (Plaintiff Hawkins as Against Defendant)

198.   Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

199.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

200.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

201.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied.

209.   Denied.

**COUNT VIII**
**§ 760.10(1), Fla. Stat.**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Hawkins as Against Defendant)**

210.   Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

211.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

212.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

213.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

## COUNT IX
### § 760.10(1), Fla. Stat.
### RETALIATION
### (Plaintiff Hawkins as Against Defendant)

221.   Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

222.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

223.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

241. Denied.

## COUNT X
## 29 U.S.C. § 207(1)
## VIOLATION OF THE FLSA
## (Plaintiff Hawkins as Against Defendant)

242. Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

243. The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

244. The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

245. Denied.

246. Denied.

247. The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

248. Denied.

249. Denied.

250. Denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

## COUNT XI
### 29 U.S.C. § 215(a)(3)
### FLSA RETALIATION
### (Plaintiff Hawkins as Against Defendant)

256.    Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

257.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

258.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Denied.

263.   Denied.

264.   Denied.

265.   Denied.

266.   Denied.

267.   Denied.

268.   Denied.

**COUNT XII**
**42 U.S.C. § 1981**
**RACE AND COLOR DISCRIMINATION**
**(Plaintiff Ford as Against Defendant)**

269.   Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

270.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

271.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

272.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

273.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

**COUNT XIII**
**42 U.S.C. § 1981**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Ford as Against Defendant)**

283.    Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

284.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

285.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

286.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

287.   Denied.

288.   Denied.

289.   Denied.

290.   Denied.

291.   Denied.

292.   Denied.

293.   Denied.

294.   Denied.

295.   Denied.

296.   Denied.

## COUNT XIV

**42 U.S.C. § 1981**
**RETALIATION**
**(Plaintiff Ford as Against Defendant)**

297.   Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

298.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

299.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

300.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

301.   Denied.

302.   Denied.

303.   Denied.

304.   Denied.

305.   Denied.

306.   Denied.

307.   Denied.

308.  Denied.

309.  Denied.

310.  Denied.

311.  Denied.

312.  Denied.

313.  Denied.

314.  Denied.

315.  Denied.

316.  Denied.

317.  Denied.

318.  Denied.

319.  Denied.

## COUNT XV
### 42 U.S.C. § 2000e-2
### RACE AND COLOR DISCRIMINATION
### (Plaintiff Ford as Against Defendant)

320.  Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

321.  The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

322.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

323.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

324.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

325.   Denied.

326.   Denied.

327.   Denied.

328.   Denied.

329.   Denied.

330.   Denied.

331.   Denied.

332.   Denied.

333.   Denied.

## <u>COUNT XVI</u>
## 42 U.S.C. § 2000e-2
## HOSTILE WORK ENVIRONMENT
## (Plaintiff Ford as Against Defendant)

334.   Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

335.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

336.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

337.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

338.   Denied.

339.   Denied.

340.   Denied.

341.   Denied.

342.   Denied.

343.   Denied.

344.    Denied.

345.    Denied.

346.    Denied.

347.    Denied.

## COUNT XVII
## 42 U.S.C. § 2000e-3
## RETALIATION
## (Plaintiff Ford as Against Defendant)

348.    Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

349.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

350.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

351.    Denied.

352.    Denied.

353.    Denied.

354.    Denied.

355.    Denied.

356.  Denied.

357.  Denied.

358.  Denied.

359.  Denied.

360.  Denied.

361.  Denied.

362.  Denied.

363.  Denied.

364.  Denied.

365.  Denied.

366.  Denied.

367.  Denied.

368.  Denied.

### COUNT XVIII
**§ 760.10(1), Fla. Stat.**
**RACE AND COLOR DISCRIMINATION**
**(Plaintiff Ford as Against Defendant)**

369.  Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

370.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

371.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

372.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

373.   Denied.

374.   Denied.

375.   Denied.

376.   Denied.

377.   Denied.

378.   Denied.

379.   Denied.

380.   Denied.

**COUNT XIX**
**§ 760.10(1), Fla. Stat.**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Ford as Against Defendant)**

381.    Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

382.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

383.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

384.    The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

385.    Denied.

386.    Denied.

387.    Denied.

388.    Denied.

389.    Denied.

390.    Denied.

391.   Denied.

## **COUNT XX**
**§ 760.10(7), Fla. Stat.**
**RETALIATION**
**(Plaintiff Ford as Against Defendant)**

392.   Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

393.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

394.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

395.   Denied.

396.   Denied.

397.   Denied.

398.   Denied.

399.   Denied.

400.   Denied.

401.   Denied.

402.   Denied.

403. Denied.

404. Denied.

405. Denied.

406. Denied.

407. Denied.

408. Denied.

409. Denied.

410. Denied.

411. Denied.

## COUNT XXI
### 29 U.S.C. § 207(1)
### VIOLATION OF THE FLSA
### (Plaintiff Ford as Against Defendant)

412. Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

413. The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

414. The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

415.   Denied.

416.   Denied.

417.   Denied.

418.   Denied.

419.   Denied.

420.   Denied.

421.   Denied.

422.   Denied.

423.   Denied.

424.   Denied.

425.   Denied.

## COUNT XXII
## 29 U.S.C. § 215(a)(3)
## FLSA RETALIATION
## (Plaintiff Ford as Against Defendant)

426.   Defendant realleges its responses to paragraphs 25 through 96 as if fully set forth herein.

427.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

428.   The allegations of this paragraph are legal conclusions to which no response is required; to the extent response is required all such allegations are denied.

429.   Denied.

430.   Denied.

431.   Denied.

432.   Denied.

433.   Denied.

434.   Denied.

435.   Denied.

436.   Denied.

437.   Denied.

438.   Denied.

## GENERAL DENIAL

Defendant denies any and all allegations and claims not specifically admitted herein, including each and every "WHEREFORE" clause and any and all subparts.

## AFFIRMATIVE DEFENSES

1.   Any and all employment actions taken towards Plaintiffs were for legitimate, business-related reasons that were not discriminatory or retaliatory and had nothing to do with alleged protected activity or protected characteristics and

Plaintiffs also cannot meet their burden of showing pretext. Said protected characteristics or protected activity were not for the "but for" cause of any alleged employment actions. Alternatively, even if said protected characteristics or protected activity played a role in the decisions, which Defendant denies, then the same decisions would have still been made regardless of the alleged protected characteristics or protected activity.

2.      Defendant affirmatively asserts that it, at all times, acted reasonably and in good faith in accordance with both the governing laws and its own policies, rules and procedures governing the workplace as it relates to all employment decisions concerning Plaintiffs as alleged in the Amended Complaint and none of Defendant's actions with respect to Plaintiffs' employment constitute willful, wanton, outrageous, or indifference towards Plaintiffs' rights, thereby limiting the potential liability of and/or recovery from Defendant.

3.      Defendant affirmatively asserts that it did not engage in any intentional discrimination or retaliation, act in an egregious or outrageous manner, act in a willful and wanton manner, act with any malice or reckless indifference to Plaintiff's rights protected by federal or state law, or act in any other way that would warrant awarding punitive damages, thereby barring the recovery of the same.

4.    Defendant affirmatively asserts that it is entitled to a set-off or reduction of damages claimed by Plaintiffs based on benefits or income received from Plaintiffs' subsequent employment or work.

5.    Plaintiffs failed to mitigate their damages by failing to take reasonable efforts to obtain and continue in employment and earn income and failing to abide by Defendant's policies or procedures.

6.    Plaintiffs' claims are barred to the extent that Plaintiffs engaged in misconduct prior to, during, or in connection with their employment, that otherwise would have resulted in their separation if such conduct were then known to Defendant, including any after-acquired evidence that supports the termination of employment after the fact as well.

7.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

8.    Plaintiffs' claims are barred, in whole or in part by the doctrines of unclean hands, waiver and/or estoppel.

9.    Plaintiffs' claims are barred by failure to exhaust administrative remedies and meet all conditions precedent required before bringing the causes or action outline in Plaintiff's Amended Complaint. This includes, but is not limited to, bringing causes of action that are outside the scope of Plaintiff's administrative charges, and also bringing claims that are now barred on the outcome of the

administrative charges and finding of the agencies, and also that are time barred as well.

10.    Plaintiffs' claim fails in that Plaintiffs cannot meet the prima facie elements required for providing each cause of action, and they have not properly alleged all required elements.

13.    Defendant asserts the mixed motive defense to the extent applicable.

14.    Defendant did not willfully deprive Plaintiffs of any wages to which they were entitled.

15.    Plaintiffs did not work over forty (40) hours per week during all relevant time periods.

16.    To the extent Plaintiffs worked any overtime, they were paid properly by Defendant for all overtime work.

17.    Plaintiffs' damages are precluded or limited as Defendant acted in good faith at all times, on the advice of outside counsel or other professionals, and based upon applicable legal authority, rules, regulations, statutes and case law in their decisions and actions towards Plaintiffs, and classification and compensation of Plaintiffs.

18.    Plaintiffs' causes of action in their Complaint are duplicative and should be consolidated.

19.    Defendant asserts the good faith defense to extent applicable.

20.     Defendant asserts the <u>Faragher-Ellerth</u> affirmative defense.

21.     Plaintiffs' were exempt and otherwise not entitled to any overtime pay

22.     Any alleged actions taken towards Plaintiffs did not rise to the level of severity or persuasiveness required to state and claim or rise to the level of hostile work environment.

23.     Plaintiffs never engaged in any statutorily protected activity necessary to form the basis of any of their retaliation claims.

24.     Plaintiffs' claims fail to extent no tangible adverse employment actions were taken by Defendant toward Plaintiffs.

## <u>RESERVATION OF RIGHT TO ASSERT DEFENSES</u>

Defendant reserves the right to assert additional affirmative defenses as may be discovered through the course of these proceedings.

## <u>DEMAND FOR JURY TRIAL</u>

Defendant demands a jury trial on all issues so triable.

WHEREFORE, Defendant respectfully requests that this honorable Court enter judgment 1) that Plaintiff take nothing by this action; 2) dismissing Plaintiff's Complaint and all claims therein with prejudice in favor of Defendant; and 3) awarding Defendant attorney's fees and cost pursuant to the relevant statutes and authority the causes of action are brought under in the Amended Complaint, and also to extent Plaintiffs' claims are found to be without legal or factual foundation or

merit pursuant to <u>Christiansburg Garmet Co. v. EEOC</u>, 434 U.S. 412, 421 (1978), along with such other relief available in law or equity as deemed just and proper by this Court.

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 13th day of November, 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Respectfully submitted,


COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant SOUTHERN*
*ROAD & BRIDGE, LLC*
500 N. Westshore Boulevard
Suite 700
Tampa, Florida 33609
Telephone (813) 864-9324
Facsimile (813) 286-2900
Primary e-mail:
brian.rubenstein@csklegal.com
Secondary e-mail:
arthur.jonesIII@csklegal.com
Alternate e-mail:
abbey.barnes@csklegal.com


By:  /s/ Brian Rubenstein
BRIAN D. RUBENSTEIN
Florida Bar No.:  16997
ARTHUR L. JONES, III
Florida Bar No.:  1008304