IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLOIRDA
PENSACOLA DIVISION

NICHOLAS FORD and
ALONZO HAWKINS,

    Plaintiffs,

v.

SOUTHERN ROAD & BRIDGE,
LLC,

    Defendant.
_____/

CASE NO.: 3:24-cv-00404-MCR-ZCB

## JOINT RULE 26(F) REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Honorable Court's Initial Scheduling Order, NICHOLAS FORD ("Mr. Ford") and ALONZO HAWKINS ("Mr. Hawkins") (hereinafter collectively referred to as "Plaintiffs") and SOUTHERN ROAD & BRIDGE, LLC ("Defendant"), by and through their undersigned counsel, respectfully submit this Joint Rule 26(f) Report.

**1.**  **Date and Attendees**

The parties held their Rule 26(f) conference on November 14, 2024, via telephone with Plaintiff's counsel, Daniel J. Barroukh, Esq. and Defendant's counsel, Arthur L. Jones, III, Esq. The attorneys had an oral conversation and fully complied with Rule 26(f).

Case No. 3:24-cv-00404-MCR-ZCB

**2.    Nature and Basis of Claims and Defenses**

**Nicholas Ford**

Mr. Ford brings forth claims of unlawful employment practices in violation of 42 U.S.C. § 1981 *et seq.* ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Florida Civil Rights Act of 1992, §760.01 ("FCRA"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Mr. Ford's claims include discrimination on the basis of his race and color, a hostile work environment, wage and hour violations, and retaliation. Defendant subjected Mr. Ford to racial slurs and comments, less favorable treatment than his non-black coworkers, and adverse actions including but not limited to terminating his employment. Defendant further signed Mr. Ford's timesheets without his permission, assigning him the incorrect number of hours and overtime pay. Defendant terminated Mr. Ford following his complaints of unlawful discrimination and the failure to properly track or pay him his owed wages.

**Alonzo Hawkins**

Mr. Hawkins brings forth claims of unlawful employment practices in violation of 42 U.S.C. § 1981 *et seq.* ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Florida Civil Rights Act of 1992, §760.01 ("FCRA"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Mr. Ford's claims include discrimination on the basis of his race and

color, a hostile work environment, wage and hour violations, and retaliation. Defendant subjected Mr. Ford to racial slurs and comments, less favorable treatment than his non-black coworkers, and adverse action including but not limited to terminating his employment. Defendant further signed Mr. Hawkins' timesheets without his permission, assigning him the incorrect number of hours and overtime pay. Defendant terminated Mr. Hawkins following his complaints of unlawful discrimination and the failure to properly track or pay him his owed wages.

**Defendant**

Defendant did not subject Plaintiffs to disparate treatment, a hostile work environment, sexual harassment, wage and hour violations, retaliation, or wrongful termination because of their race, color, or sex in violation Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act of 1992 or any other laws. Defendant's employment decisions are based on merit, qualifications, and abilities. Defendant does not discriminate in employment opportunities or practices on the basis of race, color, religion, sex, national origin, age, disability, or any other characteristic protected by law. Additionally, Plaintiffs voluntarily quit their position and stopped coming into work.

**3.      The Likelihood of Settlement**

The Parties have not yet begun to discuss resolution but will explore the possibility of settlement as the case progresses. At this time, the Parties cannot say that settlement is likely or unlikely at this time.

**4.      Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | **December 2, 2024** |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | **January 6 , 2025** |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br><br>Plaintiff | **April 4, 2025** |
| Defendant | **May 2, 2025** |
| Rebuttal | **Within 30 days after the other party's disclosures** |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37. | **April 22, 2025** |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. | **May 6, 2025** |

| | |
|---|---|
| Deadline for participating in mediation. | **May 13, 2025** |
| Date of the final pretrial meeting. | **To be determined by the court** |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. | **To be determined by the court** |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e). | **To be determined by the court** |
| Month and year of the trial term. This date is beyond eight (8) months of the filing of this case because the Amended Complaint was filed on September 27, 2024, the Defendant's Answer was filed on November 13, 2024, and the parties require additional time. | **June 2025** |

**5.    Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

Though none at this time, the Parties will attempt to streamline the case when possible and necessary going forward.

Case No. 3:24-cv-00404-MCR-ZCB

**6.     The necessity or desirability of amendments to the pleadings**

Unknown at this time.

**7.     The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

It is unknown whether admissions of fact may be obtained, whether authenticity of documents will be an issue, or whether the Parties will need advance rulings from the Court as to certain evidentiary matters. However, The Parties will attempt to resolve as many evidentiary issues as possible by means of admissions and stipulations.

**8.     Suggestions for the avoidance of unnecessary proof and of cumulative evidence**

The Parties have no suggestions at this time, but will discuss this issue following the applicable discovery cut-off date and before the status conference.

**9.     Suggestions on the advisability of referring matters to a Magistrate Judge**

Other than discovery issues, none at this time.

**10.    A preliminary estimate of the time required for trial**

The Parties estimate a trial time of 4-5 days.

**11.    Any issues about**:

**(i) Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**:

The Parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production: Disclosure or discovery of electronically stored information ("ESI") should be handled as follows:

A.     **Nature of Production of ESI**. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. The Parties agree that ESI shall be produced to the requesting party in a commercially reasonable manner, including the relevant metadata (e.g., creation date, modification date, authorship), unless otherwise agreed. If a party requests documents that are stored in a readily accessible electronic format, the producing party may provide the requesting party copies of the documents in .pdf format with bates numbering, provided that such format retains all metadata from the native format. If the receiving party determines in good faith that production of a document in a .pdf format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it. The parties agree to produce pictures and videos in their original digital format, to the extent technically feasible. To the extent electronically stored information is not readily accessible, the parties agree to follow the guidelines provided in Rule 26(b)(2)(B). The parties will collaborate to establish search terms and identify custodians for email searches.

B.     **Cost and Burden of Producing Electronic Discovery**. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions

apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the requests; (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

**(ii) Claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert those claims after production — whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**:

To the extent that counsel for a disclosing party receives electronic discovery from its client and the discovery does not contain any privileged communications, counsel for the disclosing party may forward such electronic discovery to opposing counsel by e-mail without waiving the attorney-client privilege. The parties may also agree that if counsel for either party inadvertently discloses information protected by the attorney-client privilege, such disclosure shall not constitute a waiver of the attorney-client privilege. When a party learns that privileged information, either received or produced has been inadvertently disclosed, the party shall notify the other party in writing and the document shall be returned so that the document may be withheld or redacted, as appropriate, and shall be identified in a privilege log. The Parties acknowledge that either party may challenge the other party's claim of privilege pursuant to Rule 37 of the Federal Rules of Civil Procedure.

**(iii) When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**:

At this time, the Parties are not aware to the extent ESI will be a source of relevant discovery.

**12.   Plaintiffs' List of Suffered Adverse Employment Actions**

**Nicholas Ford**

1. Defendant cut Mr. Ford's work assignments;

2. Defendant refused Mr. Ford the right to drive the company truck;

3. Defendant refused Mr. Ford the right to stop work to eat lunch;

4. Defendant refused Mr. Ford the right to use Defendant's restroom at the worksite;

5. Defendant denied Mr. Ford leave to attend his mother's funeral;

6. Defendant disciplined Mr. Ford for performing the same actions as non-black employees; and

7. Defendant terminated Mr. Ford following his complaints of unlawful activity.

**Alonzo Hawkins**

1. Defendant reduced Mr. Hawkins' work assignments;

2. Defendant refused Mr. Ford the right to drive the company truck;

3. Defendant refused Mr. Ford the right to stop work to eat lunch;

4. Defendant refused Mr. Ford the right to use Defendant's restroom at the worksite;

5. Defendant denied him leave to attend his mother's funeral;

6. Defendant disciplined him for performing the same actions as non-black employees; and

7. Defendant terminated Mr. Ford following his complaints of unlawful activity.

13. **Defendant's List of Legitimate, Nondiscriminatory Reasons for Each of Each Plaintiff's Claimed Adverse Employment Actions**

1. Defendant did not reduce Plaintiffs' work assignments;

2. Defendant did not refuse Plaintiffs the right to drive the company truck. Defendant instructed the entire team that they had to leave the hotel at 6:30 to make it to the job site by 7:00.

3. Defendant is unaware of Plaintiffs', or any other employees being denied the right to a lunch break because Defendant did not receive any complaints.

4. Defendant did not refuse the right of Plaintiffs to use the restroom.

5. Defendant did not deny Plaintiffs leave to attend their mother's funeral;

6. Defendant did not discipline Plaintiffs for performing the same actions as non-black employees; and

    7. Plaintiffs voluntarily quit their positions and stopped coming to work.

**14. <u>Proposals for the Formulation and Simplification of Issues</u>**

The parties will attempt to work in good faith to narrow and simplify the issues for trial, to eliminate claims or defenses found through discovery to be lacking in merit, to obtain admissions of fact and of documents which will avoid unnecessary proof at trial, and to avoid unnecessary discovery.

**15. <u>The Necessity or Desirability of Amendments to the Pleadings</u>**

None at this time.

**16. <u>Other Information for Setting Case for Status or Pretrial Conference</u>**

None at this time.

Respectfully submitted this 28th day of November, 2024.

| | |
|---|---|
| <u>*/s/ Daniel J. Barroukh*</u><br>**DANIEL J. BARROUKH**<br>Bar No.: 1049271<br>**DEREK SMITH LAW GROUP, PLLC**<br>520 Brickell Key Drive, Suite O-301<br>Miami, FL 33131<br>Phone (786) 688-2335<br>danielb@dereksmithlaw.com<br>*Attorney for Plaintiffs* | <u>*/s/ Arthur L. Jones, III*</u><br>**BRIAN D. RUBENSTEIN**<br>Florida Bar No.: 16997<br>**ARTHUR L. JONES, III**<br>Florida Bar No.: 1008304<br>**COLE, SCOTT & KISSANE, P.A.**<br>500 N. Westshore Boulevard, Suite 700<br>Tampa, FL 33609<br>brian.rubenstein@csklegal.com<br>arthur.jonesIII@csklegal.com<br>*Attorneys for Defendant* |