# EXHIBIT 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

NICHOLAS FORD and
ALONZO HAWKINS,

        Plaintiffs,

CASE NO.: 3:24-cv-00404-MCR

v.

SOUTHERN ROAD & BRIDGE, LLC,

        Defendant.
_____/

**PLAINTIFF NICHOLAS FORD'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF NICHOLAS FORD**

Plaintiff, NICHOLAS FORD ("Plaintiff" and/or "Mr. Ford"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby serves the following responses to Defendant, SOUTHERN ROAD & BRIDGE, LLC's ("Defendant" and/or "SRB"), First Set of Interrogatories to Plaintiff Nicholas Ford.

Dated: Miami, Florida
February 17, 2025,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiffs*

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.
Florida Bar No. 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
danielb@dereksmithlaw.com

1

**SPECIFIC RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**
List the full names, titles, addresses, and telephone numbers of any persons who have provided you with information or assistance in answering these Interrogatories.

**RESPONSE: Plaintiff answered these interrogatories with the assistance of counsel, Daniel J. Barroukh, Esq.**

**INTERROGATORY NO. 2:**
Identify yourself fully, giving your full name, all former names (and when you were known by those names), age, date and place of birth, residence addresses for the last ten (10) years (including the dates you lived at each address), and your current business address.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad and seeks information not relevant to the claims or defenses of the parties. Plaintiff further objects to this interrogatory on the grounds that it is improperly compound in including multiple unrelated subparts. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to his name, date and place of birth, age, and addresses concurrent with and subsequent to his employment with Defendant, and states as follows: Plaintiff's full name is Nicholas Ford. Plaintiff does not have any former names. Plaintiff was born on ▆▆▆▆▆▆▆▆ in Fort Worth, Texas, and he is currently 35 years old. Between approximately February 2023 and approximately April 2023, Plaintiff's address was ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Between approximately April 2023 and approximately October 2023, Plaintiff's address was ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. As of approximately October 2023, Plaintiff's address is ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆**

**INTERROGATORY NO. 3:**
List the name of any current spouse, if applicable, all former spouses, the date and place of each marriage, date and place of each divorce, along with the state, county, and case number of any divorce, separation, or related proceedings.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad and seeks information not relevant to the claims or defenses of the parties. Plaintiff further objects to this interrogatory on the grounds that it is improperly compound in including multiple unrelated subparts. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the name of his spouse and states as follows: Plaintiff is married to Victoria Denis.**

**INTERROGATORY NO. 4:**
Please list your educational background and all professional certifications providing the name and address for each school, college, university, or other institution of learning or training which you have attended, listing the dates of attendance, grades or levels completed, and degrees or certificates received.

> **RESPONSE: Plaintiff has graduated from junior high school. Plaintiff earned a certification in the field of stone and masonry from Treasure Lake Job Corps. Plaintiff has earned a certification from American Institute of Nondestructive Testing for completion of a course of study for 40 Hour Industrial Radiography Radiation Safety. Plaintiff holds a certification in OSHA Regulation Compliance from Innovalearn Online Academy. Plaintiff holds several certifications, issued by Hoodz/Belfor University online learning system, related to electrical safety and project management. As of January 31, 2025, Plaintiff is enrolled in James Madison High School in its HS Electrician Career Pathway program. For additional information, Plaintiff directs Defendant to the documents produced by Plaintiff in response to the Unnumbered Request immediately following Request No. 17 of Defendant's First Requests for Production.**

**INTERROGATORY NO. 5:**
Identify the names, addresses, phone numbers, rates of pay, positions held, immediate supervisor's name(s), and dates of employment, along with the reason(s) for termination of said employment, for every employer with whom you were employed during the ten (10) year period prior to your employment with Defendant.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad to the extent it seeks information unrelated to the Plaintiff's efforts to mitigate and/or Plaintiff's actual mitigation, and to the extent that it seeks information about Plaintiff's employment prior to working for Defendant. Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this interrogatory to seek the identification of his employers concurrent with and subsequent to his employment with Defendant, and states as follows:**
>
> - **Employer Name: VII Restaurant**
>   **Address: 6501 S Cooper St Ste 101, Arlington, TX 76001**
>   **Supervisor's Name: (FNU) (LNU)**
>   **Dates of Employment: Approx. February 11, 2024 – Approx. March 1, 2024**
>   **Position: Dishwasher**
>   **Rate of Pay: $15.00 per hour**
>   **Reason for Separation: Business Closure**
>
> - **Employer Name: First Choice Landscaping**
>   **Address: 101 W. 9 & Half Mile Rd, Pensacola, FL 32534**
>   **Supervisor's Name: Mark (LNU)**

3

- **Dates of Employment: Approx. April 2024 - Approx. May 2024**
  **Position: Landscaper**
  **Rate of Pay: $18.00 per hour**
  **Reason for Separation: Resignation**

- **Employer Name: Hoodz**
  **Address: 2172 W. Nine Mile Rd. #180, Pensacola, FL, 32534**
  **Supervisor's Name: Kyle (LNU)**
  **Dates of Employment: Approx. June 2024 - Approx. July 2, 2024**
  **Position: Exhaust Pipe Cleaner**
  **Rate of Pay: $18.00 per hour**
  **Reason for Separation: Resignation**

- **Employer Name: Zephyr Towers, LLC**
  **Address: 3138 Ridgeview Drive, Beatrice, NE 68310**
  **Supervisor's Name: Ryder Curtis**
  **Dates of Employment: Approx. September 2024 - Approx. December 2024**
  **Position: Cell Phone Number Climber**
  **Rate of Pay: $20.00 per hour**
  **Reason for Separation: Laid Off**

- **Employer Name: RCCP**
  **Address: Texas**
  **Supervisor's Name: Danielle (LNU)**
  **Position: Cleaning Technician**
  **Dates of Employment: Approx. January 19, 2025 - Present**
  **Rate of Pay: $13.00 per hour**
  **Reason for Separation: N/A**

**INTERROGATORY NO. 6:**
Describe in detail every attempt, either formally or informally, by you to find either full-time or part-time employment subsequent to your employment with Defendant, providing for each such employer that you made application, the name, address and phone number, the date on which you applied to each such employer, and the result of each such application.

> **RESPONSE:** After the unlawful termination of his employment with Defendant, Plaintiff mitigated his damages by diligently seeking and securing new employment opportunities. For additional information regarding Plaintiff's mitigation efforts, Plaintiff directs Defendant to the documents produced by Plaintiff in response to Request No. 6 of Defendant's First Requests for Production.

**INTERROGATORY NO. 7:**
Please identify specifically every source of income of any description received by you or accruing to you since your employment with Defendant began through present (including, but not limited

4

to, wages or other compensation, unemployment compensation, workers' compensation, social security or other similar payments, benefits or disability benefits), and with respect to each such source of income, state the total amount you received or to which you became entitled and the inclusive dates on which you received the stated income.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome and overbroad in seeking Plaintiff's income information unrelated to Plaintiff's mitigation efforts. Plaintiff further objects to this interrogatory on the grounds that it is not proportional to the needs of the case, and seeks information that is not relevant to the claims and defenses of the parties. Additionally, Plaintiff objects to this interrogatory on the grounds that it invades Plaintiff's right to privacy protected by the Florida Constitution in requesting information regarding his personal and confidential financial records.**
>
> **Notwithstanding these objections and without waiving them, Plaintiff understands the non-objectionable portion of this interrogatory to seek information regarding Plaintiff's mitigation efforts and income derived from Plaintiff's employment during and subsequent to his employment with Defendant, and in response, directs Defendant to the documents produced by Plaintiff in response to Request No. 9 of Defendant's First Requests for Production, for records of Plaintiff's income.**
>
> **Plaintiff reserves the right to amend, supplement, or modify this response, as additional investigation and discovery is ongoing.**

**INTERROGATORY NO. 8:**
State whether you have been employed by or contracted to perform services for any person or entity (other than the Defendant) or self-employed since your employment with Defendant ended, and with respect to any such employment, identify the name, address and phone number of each employer (if self-employed, also provide the nature of the business and each person/entity for whom you have provided services); the dates of your employment; the positions held; the hourly or weekly rate of pay you received and the date and amount of any increase in that rate; the total amount of wages/commissions earned from each such employer or self-employment through the date of your response; the employee benefits available to you (at your cost or otherwise) for each such employer; the reason for the termination or conclusion of any such employment; and identify any documents upon which you relied in answering or which relate to this Interrogatory.

> **RESPONSE: Plaintiff has been employed by various entities, other than Defendant, since Defendant's unlawful termination of his employment, and he directs Defendant to his response to Interrogatory No. 5 and to the documents produced by Plaintiff in response to Request No. 7 of Defendant's First Requests for Production, for additional responsive information.**

5

**INTERROGATORY NO. 9:**

State whether you received any medical treatment or medical care, including any psychiatric or psychological treatment or counseling, because of the incidents which are the subject of this litigation. If the answer is in the affirmative, describe in detail the nature of such care and treatment received; the name and address of any hospital, clinic, or other institutions to which you were admitted for such care and treatment, and the dates of treatment; the name, telephone number and address of any doctor or healthcare professional by whom you were examined or treated; and the diagnosis and prognosis rendered by any such doctor or healthcare professional as a result of any such examination or treatment.

> **RESPONSE: Plaintiff has received no medical treatment or medical care, including any psychiatric or psychological treatment or counseling, because of the incidents which are the subject of this litigation.**

**INTERROGATORY NO. 10:**

Please list the names, business addresses and telephone numbers of all medical doctors by whom, and all hospitals at which, you have been examined and/or treated in the past ten (10) years, along with the condition(s) for which you were treated and dates of treatment. Please also indicate any treatment that was provided as a result of any accident or injury caused by a third party, providing circumstances for each injury.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly invasive, and violates his right to privacy in requesting his privileged and confidential medical records to the extent it requests information concerning Plaintiff's medical treatment unrelated to his employment with Defendant, his claims against the Defendant, or his emotional distress damages.**

**INTERROGATORY NO. 11:**

State whether you or any attorney or representative on your behalf has spoken with any person concerning the facts of this case or the matters alleged in your pleadings, including whether a written statement, report, memoranda or recording was made or obtained. If your answer is in the affirmative, separately identify each individual, along with the author of each such statement, report, memorandum or recording; the person or persons to whom the statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; and state the date each such statement, report, memorandum or recording was prepared.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is unduly burdensome, overbroad, and not properly limited in time and scope, as this interrogatory could be reasonably interpreted, for example, to include information regarding communications with any individual who was simply aware of the fact of Plaintiff's employment with the Defendant.**

Doc ID: fdd91ccd18dac2084620971a77ab52ace6da6955

>**Notwithstanding these objections and without waiving them, Plaintiff states that Plaintiff's attorney spoke with Dezmond Jones on Plaintiff's behalf concerning the facts of this case or the matters alleged in the Plaintiff's pleadings. Mr. Jones provided a written statement, dated November 25, 2024, to Derek Smith Law Group, PLLC, custodian of the statement and in whose office located at 520 Brickell Key Drive, Suite O-301, Miami, FL 33131, the statement is electronically stored. Plaintiff directs Defendant to a true and correct copy of Mr. Jones' statement produced by Plaintiff in response to Request No. 10 of Defendant's First Request for Production.**
>
>**In addition, Plaintiff spoke with Eladrienne Jackson and Iran Hawkins concerning the facts of this case or the matters alleged in his pleadings. To the best of Plaintiff's knowledge and belief, no written statement has been made by or obtained by Plaintiff or Plaintiff's counsel from Eladrienne Jackson or Iran Hawkins concerning the facts of this case or the matters alleged in the Plaintiff's pleadings.**

**INTERROGATORY NO. 12:**
Identify each person who has contacted you or any attorney or representative of yours concerning this action or its subject matter, or who has been contacted by you, or any attorney or representative of yours, concerning this action or its subject matter.

>**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is not properly limited in time and scope. Notwithstanding this objection and without waiving it, Plaintiff identifies Dezmond Jones.**

**INTERROGATORY NO. 13:**
Separately identify each and every person who is known or believed by you to have witnessed the events and/or have other direct knowledge of any facts or material upon which you base the allegations contained in your Complaint, and for each such person, summarize the nature and substance of their knowledge, including a summary of the information and/or events to which you believe each person has firsthand knowledge or witnessed firsthand.

>**RESPONSE: Plaintiff has identified individuals believed to have witnessed the events and/or have other direct knowledge of any facts or material upon which Plaintiff has based the allegations contained in his Complaint:**
>
>- **Nicholas Ford, Plaintiff**
>
>  **Mr. Ford has knowledge regarding Plaintiffs' employment with Defendant; the claims and allegations made in the Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Mr. Ford during and after his employment.**

7

- **Alonzo Hawkins, Plaintiff**

    **Mr. Hawkins has knowledge regarding Plaintiffs' employment with Defendant; the claims and allegations made in the Complaint and throughout the agency proceeding; and the emotional toll the Defendant's discriminatory treatment took on Mr. Ford during and after his employment.**

- **Corporate Representative of Southern Road & Bridge, LLC, Defendant**

    **Defendant Southern Road & Bridge, LLC's Corporate Representative likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and treatment of similarly situated employees.**

- **Ryan Witt**

    **Ryan Witt likely has knowledge regarding Plaintiffs' employment, Plain-tiffs' claims alleged in the Complaint, and treatment of similarly situated employees.**

- **George Pappas**

    **George Pappas likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and treatment of similarly situated employees.**

- **Isaac Ruiz a/k/a Esequiel Ruiz**

    **Isaac Ruiz a/k/a Esequiel Ruiz likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and treatment of similarly situated employees.**

- **Fidencio Rayos**

    **Fidencio Rayos likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and treatment of similarly situated employees.**

- **Jose (LNU) a/k/a Joe Joe**

    **Jose (LNU) likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and treatment of similarly situated employees.**

Doc ID: fdd91ccd18dac2084620971a77ab52ace6da6955

- **Carlos Valadez**

    Carlos Valadez likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and treatment of similarly situated employees.

- **Alfredo Baguer-Villa**

    Alfredo Baguer-Villa likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and treatment of similarly situated employees.

- **Joaquin (LNU)**

    Joaquin (LNU) likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, and treatment of similarly situated employees.

- **Dezmond Jones**

    Dezmond Jones likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, Defendant's discriminatory treatment of Plaintiffs and/or other Black employees, the discriminatory work conditions under which Plaintiffs labored, Defendant's safety violations, and treatment of similarly situated employees.

- **Cadden Coats**

    Cadden Coats likely has knowledge regarding Plaintiffs' employment, Plaintiffs' claims alleged in the Complaint, Defendant's discriminatory treatment of Plaintiffs and/or other Black employees, the discriminatory work conditions under which Plaintiffs labored, Defendant's safety violations, and treatment of similarly situated employees.

- **Lonnie Vickery**

    Lonnie Vickery likely has knowledge regarding Plaintiffs' employment, Defendant's discriminatory treatment of Plaintiffs and/or other Black employees, the discriminatory work conditions under which Plaintiffs labored, and Defendant's safety violations.

- **Mario Ramirez**

    Mario Ramirez likely has knowledge regarding Plaintiffs' employment, Defendant's discriminatory treatment of Plaintiffs and/or other Black

9

Doc ID: fdd91ccd18dac2084620971a77ab52ace6da6955

employees, the discriminatory work conditions under which Plaintiffs labored, and Defendant's safety violations.

- **Eladrienne Jackson**

    Eladrienne Jackson likely has knowledge regarding Plaintiff Ford's employment, the claims alleged in the Complaint, Plaintiff Ford's emotional distress and damages incurred.

**INTERROGATORY NO. 14:**
Itemize and identify each item of expense or damage that you claim to have incurred or suffered as a result of the incidents described in the Complaint, specifying separately the nature of the damage(s), the amount of the damage, the factual bases and method that you used in computing your damages, the amounts of each category of damages sought (e.g., emotional distress, mental pain and suffering, back pay, or other damages alleged in your Complaint).

> **RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous in requesting information regarding "each item of expense or damage" claimed by Plaintiff. Plaintiff further objects to interrogatory on the grounds that it improperly requests the "method you used in computing your damages," as damages are a question to be determined by a jury. Notwithstanding and without waiving these objections, Plaintiff understands the non-objectionable portion of this interrogatory to seek the nature and amount of Plaintiff's claimed damages. In response, Plaintiff states as follows:
>
> 1. **Lost Wages:** At the time of his unlawful termination on or around November 3, 2023, Plaintiff worked 40 regular hours per week at a rate of pay of $24.00 per hour and 20 overtime hours per week at a rate of pay of $36.00 per hour. Plaintiff estimates he is owed approximately $264.97 in regular pay for every week he worked ($264.97 x 36 weeks = $9,538.92) and approximately $590.71 in overtime pay for every week he worked ($590.71 x 36 weeks = $21,265.56).
>
>    Despite his best and continued efforts, Plaintiff was unable to secure permanent employment, following the termination of his employment with Defendant, until he began working for VII Restaurant on or around February 11, 2024. Plaintiff is seeking lost wages for this approximately 14-week period of unemployment. Plaintiff estimates this amount to be approximately $23,520.00. This amount is calculated as follows: [$960 regular pay per week + $720 overtime pay per week] x 14 weeks.
>
>    Between approximately February 11, 2024 and approximately March 1, 2024, Plaintiff was employed by VII Restaurant at a rate of pay of $15.00 per hour. Plaintiff seeks lost wages for the difference in income between his employment with VII Restaurant, and the income he would have generated from his employment with Defendant but for his unlawful termination. Plaintiff

10

worked for VII Restaurant an approximate average of 25 hours per week at a rate of pay of $15.00 per hour. He earned approximately $9.00 less per hour in his role with VII Restaurant than in his role with Defendant, resulting in a loss of approximately $675.00 during his employment with VII Restaurant. This amount is calculated as follows: $9.00 per hour x 25 hours x 3 weeks.

Despite his best and continued efforts, Plaintiff did not regain employment until April of 2024. Plaintiff is seeking lost wages for this approximately four (4) week period of unemployment. Plaintiff estimates this amount to be approximately $6,720.00. This amount is calculated as follows: [$960 regular pay per week + $720 overtime pay per week] x 4 weeks.

Between approximately April 2024 and approximately May 2024, Plaintiff was employed by First Choice Landscaping at a rate of pay of $18.00 per hour. Plaintiff seeks lost wages for the difference in income between his employment with First Choice Landscaping, and the income he would have generated from his employment with Defendant but for his unlawful termination. Plaintiff worked for First Choice Landscaping an approximate average of 40 hours per week at a rate of pay of $18.00 per hour. He earned approximately $6.00 less per hour in his role with First Choice Landscaping than in his role with Defendant, resulting in a loss of approximately $1,920.00 during his employment with First Choice Landscaping. This amount is calculated as follows: $6.00 per hour x 40 hours x 8 weeks.

Despite his best and continued efforts, Plaintiff did not regain employment until June of 2024. Plaintiff is seeking lost wages for this approximately four (4) week period of unemployment. Plaintiff estimates this amount to be approximately $5,040.00. This amount is calculated as follows: [$960 regular pay per week + $720 overtime pay per week] x 3 weeks.

Between approximately June 2024 and approximately July 2, 2024, Plaintiff was employed by Hoodz at a rate of pay of $18.00 per hour. Plaintiff seeks lost wages for the difference in income between his employment with Hoodz, and the income he would have generated from his employment with Defendant but for his unlawful termination. Plaintiff worked for Hoodz an approximate average of 40 hours per week at a rate of pay of $18.00 per hour. He earned approximately $6.00 less per hour in his role with Hoodz than in his role with Defendant, resulting in a loss of approximately $960.00 during his employment with Hoodz. This amount is calculated as follows: $6.00 per hour x 40 hours x 4 weeks.

Despite his best and continued efforts, Plaintiff did not regain employment until September of 2024. Plaintiff is seeking lost wages for this approximately eight (8) week period of unemployment. Plaintiff estimates this amount to be approximately $13,440.00. This amount is calculated as follows: [$960 regular pay per week + $720 overtime pay per week] x 8 weeks.

Doc ID: fdd91ccd18dac2084620971a77ab52ace6da6955

**Between approximately September 2024 and approximately December 2024, Plaintiff was employed by Zephyr Towers, LLC at a rate of pay of $20.00 per hour. Plaintiff seeks lost wages for the difference in income between his employment with Zephyr Towers, LLC, and the income he would have generated from his employment with Defendant but for his unlawful termination. Plaintiff worked for Zephyr Towers, LLC an approximate average of 40 hours per week at a rate of pay of $20.00 per hour. He earned approximately $4.00 less per hour in his role with Zephyr Towers, LLC than in his role with Defendant, resulting in a loss of approximately $2,720.00 during his employment with Zephyr Towers, LLC. This amount is calculated as follows: $4.00 per hour x 40 hours x 17 weeks.**

**Despite his best and continued efforts, Plaintiff did not regain employment until approximately January 19, 2025. Plaintiff is seeking lost wages for this approximately four (4) week period of unemployment. Plaintiff estimates this amount to be approximately $6,720.00. This amount is calculated as follows: [$960 regular pay per week + $720 overtime pay per week] x 4 weeks.**

**As of approximately January 19, 2025, Plaintiff has been employed by RCCP at a rate of pay of $13.00 per hour. Plaintiff seeks lost wages for the difference in income between his employment with RCCP and the income he would have generated from his employment with Defendant but for his unlawful termination. Plaintiff works for RCCP an approximate average of 40 hours per week at a rate of pay of $13.00 per hour. He earns approximately $11.00 less per hour in his role with RCCP than in his role with Defendant, resulting in a loss of approximately $1,760.00, to date, during his employment with RCCP. This amount is calculated as follows: $11.00 per hour x 40 hours x 4 weeks.**

**To date, Plaintiff's total lost wages equal approximately $94,279.48. Plaintiff reserves the right to seek lost wages up until the date of trial. Plaintiff also reserves the right to seek reinstatement and/or front pay, as well as any other equitable remedy available.**

2. **Liquidated Damages:** Plaintiff claims liquidated damages in an amount equal to his economic losses on account of Defendant's willful conduct.

3. **Emotional Distress Damages:** Plaintiff claims emotional distress damages in the amount of $2,000,000.00. This amount reflects damages that a jury might award based on the severe emotional distress Plaintiff has suffered as a result of the Defendant's conduct.

4. **Punitive Damages:** Plaintiff claims punitive damages in the amount of $4,000,000.00. This amount reflects damages that a jury might award based on the Plaintiff's experiences and the Defendant's willful conduct.

      **5. <u>Attorney's Fees:</u> Plaintiff will also seek attorney's fees as a prevailing party.**

**Plaintiff reserves the right to supplement/amend this response as more information becomes available and as may be appropriate and necessary.**

**INTERROGATORY NO. 15:**
State whether you have ever been a party to or testified under oath in any legal proceeding, including, but not limited to, a civil lawsuit, administrative proceeding, divorce, bankruptcy, criminal proceeding, arbitration, trial, or deposition. If the answer is in the affirmative, separately state in detail the caption, court and docket number in the action; the name, telephone number and address of the parties in any such proceedings; the location in which the action was venued or conducted; the name, telephone number and address of all attorneys representing the parties in any such legal proceedings; whether you gave testimony under oath (deposition, trial testimony, hearing testimony, affidavit) and the general subject matter and outcome of any such legal proceeding.

      **<u>RESPONSE</u>: Plaintiff objects to this interrogatory on the grounds it is overbroad and not properly limited in time and scope in requesting Plaintiff identify the legal proceedings to which he has been a party or in which he has testified under oath, without limitations on time frame or subject matter. Plaintiff further objects to this interrogatory on the grounds that it seeks multiple categories of information not relevant to the claims or defenses of the parties. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the identification of the legal proceedings, if any, dating from February 2023 to which he has been a party or in which he has testified under oath. In response, Plaintiff states that, besides the instant lawsuit and the related Charge of Discrimination identified by EEOC Charge No. 511-2024-01203, Plaintiff has not been a party to or testified in any legal proceeding as of February 2023.**

**INTERROGATORY NO. 16:**
Other than the present case, please identify any and all charges, lawsuits, administrative claims, internal investigations, claims, or allegations regarding discrimination, harassment, retaliation, wrongful termination, unemployment compensation, unfair employment practices, unpaid wages, and/or unlawful employment practices against any employer or former employer in which you have been involved (either as the complainant or a witness), providing for each instance, the name of the employer, the substance of the allegations made, the date of each claim, the State, County, and case number of any litigation or charge, if applicable, along with the disposition of same.

      **<u>RESPONSE</u>: None.**

13

Doc ID: fdd91ccd18dac2084620971a77ab52ace6da6955

**INTERROGATORY NO. 17:**
State whether you have ever been arrested, charged with or convicted of a crime. If so, state the nature of the alleged crime, the jurisdiction in which you were arrested, charged and/or convicted, the date of the arrest, charge and/or conviction, and the outcome of the case.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds it is overbroad and not properly limited in time and scope. Notwithstanding these objections and without waiving them, Plaintiff has limited his response to the identification of arrests, charges, and convictions, if any, dating from February 2023 to the present, that have involved the Plaintiff. In response, Plaintiff states that he has not been arrested, charged with, or convicted of a crime as of February 2023.**

**INTERROGATORY NO. 18:**
Identify any social worker, counselor, priest, minister, preacher, or other person with whom Plaintiff has sought and/or is currently seeking treatment for emotional distress, mental pain and suffering, or mental anguish in the past ten (10) years.

> **RESPONSE: Plaintiff objects to this interrogatory on the grounds it is overbroad and not properly limited in time and scope. Notwithstanding this objection and without waiving it, Plaintiff understands the non-objectionable portion of this request to seek the identification of any social worker, counselor, priest, minister, preacher, or other person with whom Plaintiff has sought and/or is currently seeking treatment for emotional distress, mental pain and suffering, or mental anguish in the past five (5) years. In response, Plaintiff states none.**

**INTERROGATORY NO. 19:**
If you have been temporarily or permanently unable to work due to a health condition at any time within the past year, identify the date(s), the health condition(s), and any healthcare treatment sought in connection with the condition, including the name(s) of the healthcare provider and the dates of treatment.

> **RESPONSE: Plaintiff has not been temporarily or permanently unable to work due to a health condition at any time within the past year.**

**INTERROGATORY NO. 20:**
Have you ever posted or responded to any website, web page, blog, chat board, chat room, Social Site, Social Network Site, or similar computer-based service in a manner that relates to, or otherwise references, (1) Defendant, (2) your employment with Defendant, (3) the allegations set forth in your Complaint in this litigation, or (4) any employee or former employee of Defendant? If so, please provide the name of the computer-based service; the URL or web address for the computer-based service; the date(s) you posted or responded; and a detailed description of the nature of each posting or response.

Doc ID: fdd91ccd18dac2084620971a77ab52ace6da6955

**RESPONSE:** **Plaintiff objects to this interrogatory as any interrogatories related to his publications on a website, web page, blog, chat board, chat room, Social Site, Social Network Site, or similar computer-based service bear no relevance to the claims or defenses of the parties, are unduly invasive and harassing, and not proportional to the needs of the case. Plaintiff further objects to this interrogatory on the grounds that it is vague and ambiguous in its use of the terms "chat board," "Social Site," and "Social Network Site," as it is unclear what platforms or websites are included within these terms.**

**INTERROGATORY NO. 21:**
Identify separately all documents to which you referred, reviewed or relied upon in answering or that in any way assisted you in answering, any of these Interrogatories.

**RESPONSE:** **Plaintiff identifies the certifications produced by Plaintiff in response to the Unnumbered Request immediately following Request No. 17 of Defendant's First Requests for Production.**

Doc ID: fdd91ccd18dac2084620971a77ab52ace6da6955

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, NICHOLAS FORD, declare under penalty of perjury that the foregoing answers to Defendant's First Set of Interrogatories to Plaintiff Nicholas Ford are true and correct to the best of my knowledge and belief.

Executed on  02 / 17 / 2025  .

_____
NICHOLAS FORD

Doc ID: fdd91ccd18dac2084620971a77ab52ace6da6955

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on February 17, 2025, on all counsel of record on the service list below via electronic mail.

>    */s/ Daniel J. Barroukh*
>    Daniel J. Barroukh, Esq.

## SERVICE LIST

**COLE, SCOTT & KISSANE, P.A.**

Brian D. Rubenstein
Florida Bar No. 16997
Arthur L. Jones, III
Florida Bar No. 1008304
Cole, Scott & Kissane, P.A.
500 N. Westshore Boulevard
Suite 700
Tampa, Florida 33609
Telephone: (813) 864-9324
Facsimile: (813) 286-2900
Primary e-mail: brian.rubenstein@csklegal.com
Secondary e-mail: arthur.jonesIII@csklegal.com
Alternate e-mail: abbey.barnes@csklegal.com

*Counsel for Defendant*

Doc ID: fdd91ccd18dac2084620971a77ab52ace6da6955