# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

ALONZO HAWKINS AND NICHOLAS FORD,      CASE NO.: 3:24-cv-00404-MCR-ZCB

    Plaintiff,
v.

SOUTHERN ROAD & BRIDGE, LLC,

    Defendant
_____/

# DEFENDANT'S ANSWERS TO PLAINTIFF, ALONZO HAWKINS', FIRST SET OF INTERROGATORIES

COMES NOW, Defendant, SOUTHERN ROAD & BRIDGE, LLC, by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure and responds to Plaintiff, ALONZO HAWKINS', First Set of Interrogatories and states the following in support thereof.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th of January, 2025, a true and correct copy of the foregoing was sent to Counsel for Plaintiff Alonzo Hawkins: Daniel Barroukh Derek Smith Law Group, PLLC 520 Brickell Key Drive. Suite O-301 Miami, FL 33131.

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant SOUTHERN ROAD & BRIDGE, LLC*
        500 N. Westshore Boulevard, Suite 700
        Tampa, Florida 33609
        Telephone 813-560-2814
        Facsimile 813-286-2900
        Primary e-mail:
        brian.rubenstein@csklegal.com
        Secondary e-mail:
        arthur.jonesiii@csklegal.com

CASE NO.: 3:24-cv-00404-MCR-ZCB

Alternative e-mail:
abbey.barnes@csklegal.com

By: <u>*/s/ Arthur L. Jones III*</u>
    BRIAN D. RUBENSTEIN
    Florida Bar No.: 16997
    ARTHUR L. JONES III
    Florida Bar No.: 1008304

CASE NO.: 3:24-cv-00404-MCR-ZCB

# PLAINTIFF, ALONZO HAWKINS' INTERROGATORIES TO DEFENDANT, SOUTHERN ROAD & BRIDGE, LLC

1. Identify all persons whom you contend have knowledge of the facts and circumstances, including but not limited to any claims and/or defenses, alleged in the Pleadings, including the facts which you contend are known to each person, and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person.

    **ANSWER:** At this early stage of litigation, Defendant is aware of the following individuals who may have knowledge regarding issues in this lawsuit:

    1. **Alonzo Hawkins, Plaintiff**
       **Southern Road & Bridge, LLC, Laborer**
       **The facts surrounding Plaintiff's employment with Defendant, and abandonment of his job with Southern Road & Bridge, LLC**
       **c/o Derek Smith Law Group, PLLC**

    2. **Nicholas Ford, Plaintiff**
       **Southern Road & Bridge, LLC, Driver**
       **The facts surrounding Plaintiff's employment with Defendant, and abandonment of his job with Southern Road & Bridge, LLC**
       **c/o Derek Smith Law Group, PLLC**

    3. **Ryan Witt**
       **Southern Road & Bridge, LLC, Supervisor**
       **The facts surrounding Plaintiff's employment with Defendant, and abandonment of his job with Southern Road & Bridge, LLC**
       **c/o Cole, Scott & Kissane, P.A.**

    4. **Esequiel Ruiz**
       **Southern Road & Bridge, LLC, Crew Lead**
       **The facts surrounding Plaintiff's employment with Defendant, and abandonment of his job with Southern Road & Bridge, LLC**
       **c/o Cole, Scott & Kissane, P.A.**

    5. **George Pappas**
       **Southern Road & Bridge, LLC, Project Manager**
       **The facts surrounding Plaintiff's employment with Defendant, and abandonment of his job with Southern Road & Bridge, LLC**
       **c/o Cole, Scott & Kissane, P.A.**

    **6. Fidencio Rayos**
    **Southern Road & Bridge, LLC, Laborer**
    **The facts surrounding Plaintiff's employment with Defendant, and abandonment of his job with Southern Road & Bridge, LLC**
    **c/o Cole, Scott & Kissane, P.A.**

**Defendant reserves the right to amend this answer after the completion of discovery.**

2. Identify the name, address, telephone number and email address of any person, entity or internal department who provided information, consultation, or assistance with answering these Interrogatories. If applicable, please include an identified person's official position or relationship to the Defendant.

    **ANSWER:**

    **Keam Christofilis**
    **c/o Cole, Scott & Kissane, P.A.**
    **Tampa, Florida**
    **Prepared with assistance from counsel**

3. List all documents, with particularity, that you consulted, relied on, or have any relation to the substance of these interrogatories even if you did not consult with such documents to prepare these Interrogatories. Please state the title of each document, identify its signatories, including their titles, the date the document was prepared or signed, and the name of its present custodian and present location. Please include and list separately, any and all drafts of each document. Finally, if a document is stored electronically and/or in binary format, please state the location of the hard drive or other media where the information is stored.

    **ANSWER:**

    **Please see responsive documents submitted in response to Request for Production.**

4. State every known instance Defendant or Defendant's agent(s) reprimanded, counseled, or otherwise disciplined Plaintiff, whether oral, written, or otherwise. Include the extent of the punishment for Plaintiff's alleged violation and describe the applicable internal policy. Additionally, please include the name of the individual who reprimanded Plaintiff on Defendant's behalf.

**ANSWER**: Mr. Hawkins was reprimanded by Ryan Witt for sleeping on the job. Mr. Hawkins was also reprimanded and ultimately terminated on November 6, 2023, by Ryan Witt for absenteeism. Mr. Hawkins was a no call and no show for two days in a row. Mr. Hawkins quit after giving his two weeks' notice and stopped showing up to the jobsite. Mr. Hawkins stayed in the same hotel as other crew members who would knock on his door to see if he would return to work but received no response. Mr. Hawkins also blocked all his other crew members' phone numbers.

5. State in detail any and all prior allegations made against ISAAC RUIZ for discrimination, retaliation, or any unlawful employment practice under State, Federal or local law or ordinance. Such complaints include those your employees/agents made, internally, formal, or otherwise, and those employment grievances filed against ISAAC RUIZ with any governmental administrative agency, including, but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), or any other federal, state or local agency, concerning an employee's grievance. For each claim, list the following:

    a. the name, address and telephone number for the claimant and his/her attorney;

    b. the nature of the event;

    c. the names and address of all parties involved;

    d. the date and manner in which the event was resolved; and

    e. if any Court filings, the caption of the action with the name and address of the Court and the file/index number assigned to the action.

    **ANSWER**: Defendant objects to providing this information in request 5 because it seeks information that is confidential in nature, is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without foregoing the objections, none. Defendant has no record of complaint, report, or allegation against Isaac Ruiz for unlawful employment practices.

6. Identify if ISAAC RUIZ has ever been arrested and/or convicted of a criminal offense, either by trial or guilty plea, identify the county and/or federal judicial district where he was convicted, the crime, date of conviction, and the case number. For each arrest and/or conviction, please describe in detail the circumstances surrounding the arrest and/or subsequent conviction.

    **ANSWER**: Defendant is without knowledge of any.

CASE NO.: 3:24-cv-00404-MCR-ZCB

7. Describe any employment benefits Plaintiff received during his employment with Defendant, including but not limited to, Plaintiff's salary, in addition to health insurance benefits, sick leave benefits, or any other benefits Plaintiff was entitled to or eligible to receive as an employee of Defendant.

   **ANSWER:**

   1. Compensation - $22.00 per hour; and
   2. Dental.

8. Identify each and every person from whom you, or anyone acting on your behalf, has obtained any report, statement, recording, memorandum or testimony, whether signed or not, and whether prepared by someone other than said person or not, concerning the facts of this lawsuit. Include in your answer the identity of the custodian of same.

   **ANSWER:**

   **Defendant objects to this interrogatory as it is overly broad and requests information that is governed under Attorney-Client privilege, and Attorney Work-Product.**

9. List any and all written and/or recorded statements or reports of all witnesses or potential witnesses in this lawsuit in your possession, custody or control, excluding any privileged reports or statements between any party to this action and the party's attorneys.

   **ANSWER:**

   **None.**

10. Identify all persons involved in and/or otherwise aware of the investigation into Plaintiff's complaints and accusations as related to his employment with Defendant and the asserted discriminatory practices, including, but not limited to, human resources personnel, supervisors, employees, independent contractors, or any other person who acted as Defendant's agent(s), and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person. Include in your response all documents prepared, obtained, and/or otherwise reviewed during the course of any such investigation.

    **ANSWER:   At this early stage of litigation, Defendant is aware of the following individuals who have knowledge regarding the investigation into Plaintiffs complaints and accusations:**

CASE NO.: 3:24-cv-00404-MCR-ZCB

1. **Ryan Witt**
   **Southern Road & Bridge, LLC, Supervisor**
   **c/o Cole, Scott & Kissane, P.A.**

2. **Fidencio Rayos**
   **Southern Road & Bridge, LLC, Laborer**
   **c/o Cole, Scott & Kissane, P.A.**

**Defendant reserves the right to amend this answer after the completion of discovery.**

11. Identify all employees who were responsible for either preparing and/or administering Defendant's personnel, employee(s) and human resources policies, trainings, and/or procedures during the Plaintiff's employment with Defendant, including but not limited to the employee(s) designated and responsible for receiving and investigating complaints of discrimination, harassment, and/or retaliation from employees.

    **ANSWER:**

    1. **George Pappas**
       **Southern Road & Bridge, LLC**
       **c/o Cole, Scott & Kissane, P.A.**

12. Describe in detail any alleged deficiencies or issues that Defendant had with Plaintiff's work performance or attendance during Plaintiff's employment with Defendant, if any. In doing so, identify any and all documents which reflect said deficiencies or issues.

    **ANSWER:**

    **Mr. Hawkins was a no call and no show for two days in a row. Mr. Hawkins stayed in the same hotel as other crew members who would knock on his door to see if he was returning to work but received no response. Mr. Hawkins also blocked all his other crew members' phone numbers. Ryan Witt turned in Mr. Hawkins' employee termination notice, dated November 9, 2023, as a no call no show for his absenteeism. Mr. Hawkins also had an issue with sleeping on the job, for which he was reprimanded by Ryan Witt.**

13. Describe in detail the reason for the Plaintiff's termination, including the date of termination, and the name, title, supervisor, and race, of any employee(s) involved, whether in whole or in part, in the decision to terminate the Plaintiff.

**ANSWER:**

**Mr. Hawkins was a no call and no show for two days in a row and was ultimately terminated by Supervisor, Ryan Witt who is Caucasian and whose supervisor is Drossos Strobel. Mr. Hawkins stayed in the same hotel as other crew members who were unable to reach him and would knock on his door to see if he would return to work and received no response. Ryan Witt was informed that Mr. Hawkins quit after giving his two weeks' notice and stopped showing up at the jobsite. Ryan Witt reported Mr. Hawkins' no call and no show on his employee termination notice, dated November 9, 2023.**

14. Identify all employee(s) of Defendant in the State of Florida who have been terminated from January 1, 2020, to the present, for the same reason described in response to Interrogatory No. 14 above, including the name, title, supervisor, worksite, and race, of any employee(s) identified.

    **ANSWER:**

    **Nicholas Ford, Driver, Ryan Witt (Supervisor), various jobsites, African American.**

15. Identify any complaint(s) of discrimination or harassment reported by the Plaintiff to the Defendant and what action, if any, was taken in response to such complaint(s), including but not limited to the names and titles of any of Defendant's supervisors, representatives, or employees who conducted, supervised, participated in, or had knowledge of any remedial action taken in connection with, or in response to, such complaint(s).

    **ANSWER: Plaintiff never made any complaints or any reporting regarding any discrimination or harassment.**

16. Identify any complaint(s) of discrimination or harassment reported by any employee against ISAAC RUIZ during his employment with Defendant and what action, if any, was taken in response to such complaint(s), including but not limited to the names and titles of any of Defendant's supervisors, representatives, or employees who conducted, supervised, participated in, or had knowledge of any investigation or inquiry in connection with, or in response to, such complaint(s).

    **ANSWER: Defendant objects to providing this information in request 16 because it seeks information that is confidential in nature, is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without foregoing the objections, none. Defendant has no record of complaint, report, or allegation against Isaac Ruiz for unlawful employment practices.**

17. Identify any investigations or inquiries conducted in response to any complaint(s) of discrimination or harassment reported by the Plaintiff to Defendant. For each investigation or inquiry identified, please state: (1) the nature of the complaint or allegation being investigated, (2) the date the investigation was initiated, (3) the date the investigation was concluded, (4) any conclusions or findings made at the conclusion of the investigation, and (5) the name, title, and race of any employee(s) responsible for conducting the investigation.

    **ANSWER: Plaintiff never made any complaints or any reporting regarding any discrimination or harassment.**

18. Identify any complaint(s) of wage or hour violation(s) reported by any employee against Defendant during his employment with Defendant and what action, if any, was taken in response to such complaint(s), including but not limited to the names and titles of any of Defendant's supervisors, representatives, or employees who conducted, supervised, participated in, or had knowledge of any investigation or inquiry in connection with, or in response to, such complaint(s).

    **ANSWER: None.**

19. Identify any investigations or inquiries conducted in response to any complaint(s) of wage or hour violation(s) reported by the Plaintiff to Defendant. For each investigation or inquiry identified, please state: (1) the nature of the complaint or allegation being investigated, (2) the date the investigation was initiated, (3) the date the investigation was concluded, (4) any conclusions or findings made at the conclusion of the investigation, and (4) the name, title, and race of any employee(s) responsible for conducting the investigation.

    **ANSWER:**

    **None.**

20. Identify all employees of Defendant whom you contend had supervisory authority over the Plaintiff during the course of the Plaintiff's employment with the Defendant, and provide the name, title, supervisor, and race, and indicate whether they are still employed with Defendant.
21.
    **ANSWER:**

    **Ryan Witt, Supervisor, Drossos Strobel, Caucasian, No longer employed with Defendant.**
    **Southern Road & Bridge, LLC**
    **c/o Cole, Scott & Kissane, P.A.**

22. From January 1, 2023 until the present, state with particularity Plaintiff's rate of pay or at all times relevant to this controversy and the total amount of compensation received by Plaintiff during the course of his employment with Defendant, providing for each pay period, the (a) pay date, (b) the actual number of hours shown on the time cards/sheets, (c) if the time worked was rounded, the manner in which it was rounded, (d) the number of hours over forty for each week, (e) the actual numbers of hours worked, (f) the description of the work, (g) the rate of pay for each type of work described in the preceding section, (h) the check number, and (i) a description of each document containing the forgoing information. (In lieu of a description of each document, you may produce the document and reference the document by bates number in place of the description).

**ANSWER:**

a) **4/10/2023 – 4/16/2023;**
b) 47;
c) N/A;
d) 7;
e) 47;
f) Overtime – 6, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
h) 11625;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **4/17/2023 – 4/23/2023;**
b) 53;
c) N/A;
d) 13;
e) 53;
f) Overtime – 12, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
h) 915785;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **4/24/2023 – 4/30/2023;**
b) 42.5;
c) N/A;
d) 2.5;
e) 42.5;
f) Overtime – 1.5, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $100.00, Regular Pay – $23.00;
h) 916654;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>5/1/2023 – 5/7/2023;</u>**
b) 42;
c) N/A;
d) 2;
e) 42;
f) Overtime – 1, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $100.00, Regular Pay – $23.00;
h) 917613;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>5/8/2023 – 5/14/2023;</u>**
b) 46.5;
c) N/A;
d) 6.5;
e) 46.5;
f) Overtime – 5.5, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
h) 918623;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>5/15/2023 – 5/21/2023;</u>**
b) 35.5;
c) N/A;
d) 0;
e) 35.5;
f) Per Diem Wages -1, Regular – 34.5;
g) Per Diem Wages - $100.00, Regular Pay – 23.00;
h) 919525;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>5/22/2023 – 5/28/2023;</u>**
b) 46.5;
c) N/A;
d) 6.5;
e) 46.5;
f) Overtime – 5.5, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $100.00, Regular Pay – $23.00;
h) 920701;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>6/5/2023 – 6/11/2023;</u>**
b) 44;
c) N/A;
d) 4;
e) 44;
f) Overtime – 3, Per Diem Wages -1, Regular – 40;

g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
h) 922695;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>6/12/2023 – 6/18/2023;</u>**
b) 24.5;
c) N/A;
d) 0;
e) 24.5;
f) Per Diem Wages -1, Regular – 23.5;
g) Per Diem Wages - $50.00, Regular Pay – $23.00;
h) 923715;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>6/19/2023 – 6/25/2023;</u>**
b) 33;
c) N/A;
d) 0;
e) 33;
f) Per Diem Wages -1, Regular – 32;
g) Per Diem Wages - $75.00, Regular Pay – 23.00;
h) 924463;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>6/26/2023 – 7/2/2023;</u>**
b) 42;
c) N/A;
d) 2;
e) 42;
f) Overtime – 1, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $100.00, Regular Pay – $23.00;
h) 925713;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>7/3/2023 – 7/9/2023;</u>**
b) 11;
c) N/A;
d) 0;
e) 11;
f) Per Diem Wages -1, Regular – 10;
g) Per Diem Wages - $25.00, Regular Pay – 23.00;
h) 926927;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **7/10/2023 – 7/16/2023;**
b) 53;
c) N/A;
d) 13;
e) 53;
f) Overtime – 12, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $100.00, Regular Pay – $23.00;
h) 928014;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **7/17/2023 – 7/23/2023;**
b) 54;
c) N/A;
d) 14;
e) 54;
f) Overtime – 13, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
h) 929081;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **7/24/2023 – 7/30/2023;**
b) 60;
c) N/A;
d) 20;
e) 60;
f) Overtime – 19, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – 23.00;
h) 930225;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **7/31/2023 – 8/6/2023;**
b) 61.5;
c) N/A;
d) 21.5;
e) 61.5;
f) Overtime – 20.5, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
h) 931108;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **8/7/2023 – 8/13/2023;**
b) 58;
c) N/A;
d) 18;
e) 58;
f) Overtime – 17, Per Diem Wages -1, Regular – 40;

g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
h) 932526;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **8/14/2023 – 8/20/2023;**
b) 48;
c) N/A;
d) 8;
e) 48;
f) Overtime – 7, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
h) 933688;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **8/21/2023 – 8/27/2023;**
b) 53.5;
c) N/A;
d) 13.5;
e) 53.5;
f) Overtime – 12.5, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
h) 934919;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **8/28/2023 – 9/3/2023;**
b) 12.5;
c) N/A;
d) 0;
e) 12.5;
f) Per Diem Wages -1, Regular – 11.5;
g) Per Diem Wages - $25.00, Regular Pay – 23.00;
h) 936108;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **9/4/2023 – 9/10/2023;**
b) 8.5;
c) N/A;
d) 0;
e) 8.5;
f) Per Diem Wages -1, Regular – 7.5;
g) Per Diem Wages - $25.00, Regular Pay – $23.00;
h) 937370;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>9/11/2023 – 9/17/2023;</u>**
b) 53;
c) N/A;
d) 13;
e) 53;
f) Overtime – 12.5, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – 23.00;
h) 938461;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>9/18/2023 – 9/24/2023;</u>**
b) 57;
c) N/A;
d) 17;
e) 57;
f) Overtime – 16, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
h) 939722;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>9/25/2023 – 10/1/2023;</u>**
b) 45;
c) N/A;
d) 5;
e) 45;
f) Overtime – 4, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $100.00, Regular Pay – $23.00;
h) 940807;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>10/2/2023 – 10/8/2023;</u>**
b) 51;
c) N/A;
d) 11;
e) 51;
f) Overtime – 10, Per Diem Wages -1, Regular – 40;
g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
h) 941960;
i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

a) **<u>10/9/2023 – 10/15/2023;</u>**
b) 43;
c) N/A;
d) 3;
e) 43;
f) Overtime – 2, Per Diem Wages -1, Regular – 40;

    g) Overtime Pay - $34.50, Per Diem Wages - $100.00, Regular Pay – $23.00;
    h) 943163;
    i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

    a) **10/16/2023 – 10/22/2023;**
    b) 57.5;
    c) N/A;
    d) 17.5;
    e) 57.5;
    f) Overtime – 16.5, Per Diem Wages -1, Regular – 40;
    g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
    h) 944259;
    i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

    a) **10/23/2023 – 10/29/2023;**
    b) 52.5;
    c) N/A;
    d) 12.5;
    e) 52.5;
    f) Overtime – 11.5, Per Diem Wages -1, Regular – 40;
    g) Overtime Pay - $34.50, Per Diem Wages - $125.00, Regular Pay – $23.00;
    h) 945568;
    i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

    a) **10/30/2023 – 11/5/2023;**
    b) 45;
    c) N/A;
    d) 5;
    e) 45;
    f) Overtime – 5, Regular – 40;
    g) Overtime Pay - $34.50, Regular Pay – $23.00;
    h) 946844;
    i) Alonzo Hawkins Payroll Register, 4.11.23 – 11.9.23.

23. From January 1, 2023 until the present, state with particularity the number of hours worked by Plaintiff, identifying the procedure used for monitoring and recording said hours and identifying all personnel involved in these procedures and their specific responsibilities.

    **ANSWER:**

    **From January 1, 2023, until present, Plaintiff Alonzo Hawkins worked a total of 1,280.5 hours. Of his total 1,280.5 hours, 213.5 of his hours were overtime, 28 were Per Diem Wages, and 1,039 were regular pay. Mr. Hawkins' hours were recorded by Vested HR's Payroll Register. Issac Ruiz and Ryan Witt were responsible for tracking employees' time and validating that their time sheets were signed.**

CASE NO.: 3:24-cv-00404-MCR-ZCB

24. State the terms of any insurance agreement under which any person or entity engaged in the insurance business may be liable to satisfy part or all of any judgment which may be entered against Defendant in this action.

**ANSWER:**

**Please find attached Declaration Page of applicable insurance policy.**

CASE NO.: 3:24-cv-00404-MCR-ZCB

     Under penalties of perjury, I declare that I have read the foregoing response to Plaintiff, Alonzo Hawkins', First Set of Interrogatories and that the facts stated in it are true, to the best of my knowledge and belief.

SOUTHERN ROAD & BRIDGE, LLC

BY: *Keam Christofilis*

(Client Representative)