# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.: 3:24-cv-00404-MCR-ZCB

ALONZO HAWKINS AND NICHOLAS FORD,

    Plaintiff,

v.

SOUTHERN ROAD & BRIDGE, LLC,

    Defendant

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF, NICHOLAS FORD'S FIRST REQUEST FOR PRODUCTION**

COMES NOW, Defendant, SOUTHERN ROAD & BRIDGE, LLC, pursuant to the Federal Rules of Civil Procedure, hereby serves Defendant's Response to Plaintiff, Nicholas Ford's First Request for Production to Defendant Southern Road & Bridge, LLC and would state as follows:

1. All documents in the possession or control of Defendant that relate or pertain to the Plaintiff.

    **RESPONSE**: **Object. Overbroad, Vague and Ambiguous. Subject to and without waiving said objection, please see attached.**

2. All documents identified and/or listed in your answers to Plaintiff's First Set of Interrogatories.

    **RESPONSE**: **See response to Request for Production #1.**

3. All documents that relate to or support any affirmative defense set forth in the Answer or that you could use in response to any claim asserted by the Plaintiff.

    **RESPONSE**: **Objection. Overbroad.**

CASE NO.: 3:24-cv-00404-MCR-ZCB

4. Any and all photographs, negatives, recordings, and/or videos of Plaintiff.

   **RESPONSE:  None in the Defendant's possession, custody, or control.**

   **Discovery is ongoing and Defendant reserves the right to amend and/or supplement this response.**

5. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Plaintiff and Defendant and/or Defendant's employees, agents, officers, or representatives, from January of 2023 to the present, referring to or relating to the Plaintiff's employment with Defendant.

   **RESPONSE:  See attached.**

6. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Ryan Witt, and any of Defendant's employees, agents, officers, or representatives, from January of 2023 to the present, referring to or relating to the Plaintiff's employment with Defendant.

   **RESPONSE:  None in the Defendant's possession, custody, or control.**

   **Discovery is ongoing and Defendant reserves the right to amend and/or supplement this response.**

7. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Isaac Ruiz, and any of Defendant's employees, agents, officers, or representatives, from January of 2023 to the present, referring to or relating to the Plaintiff's employment with Defendant.

   **RESPONSE:  None in the Defendant's possession, custody, or control.**

   **Discovery is ongoing and Defendant reserves the right to amend and/or supplement this response.**

8. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between George Pappas and any of Defendant's employees, agents, officers, or representatives, from January of 2023 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

   **RESPONSE: See attached.**

   **Discovery is ongoing and Defendant reserves the right to amend and/or supplement this response.**

9. All communications sent or received via the Defendant's internal messaging system, referring or relating to the keyword terms "NICHOLAS FORD" and/or "Mr. Ford" from January of 2023 to the present.

   **RESPONSE: None in the Defendant's possession, custody, or control.**

   **Discovery is ongoing and Defendant reserves the right to amend and/or supplement this response.**

10. Any and all non-privileged communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, or other forms of internal communication between Defendant's employees, managers, officers, and/or other staff discussing Plaintiff and/or the claims asserted in this lawsuit, from January of 2023 to the present.

    **RESPONSE: None in the Defendant's possession, custody, or control.**

    **Discovery is ongoing and Defendant reserves the right to amend and/or supplement this response.**

11. All documents that relate or pertain to any performance evaluations or job reviews of Plaintiff, during the course of Plaintiff's employment with Defendant.

    **RESPONSE: None in the Defendant's possession, custody, or control.**

    **Discovery is ongoing and Defendant reserves the right to amend and/or supplement this response.**

CASE NO.: 3:24-cv-00404-MCR-ZCB

12. All written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff, during the course of his employment with Defendant.

   **RESPONSE: None in the Defendant's possession, custody, or control.**

   **Discovery is ongoing and Defendant reserves the right to amend and/or supplement this response.**

13. All documents that relate or pertain to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during his employment with the Defendant.

   **RESPONSE: See attached.**

14. All documents that relate or pertain to Plaintiff's salary and wage records for the period in which the Plaintiff was employed by the Defendant, including but not limited to payroll records, commission records, W-2 forms, and 1099s Forms.

   **RESPONSE: See attached.**

15. If Defendant contends the gross volume of Defendant SOUTHERN ROAD & BRIDGE, LLC was less than $500,000 annually for 2022, and 2023, the following documents:

   a. IRS form 1120 (or 1120-S) for each of those years; and

   b. Florida Sales and Use Tax Return for each month of those years; and

   c. Florida Forms RT-6 and RT-8, and

   d. Defendant's financial statements for those years, including but not limited to, balance statements, income statements and cash flow statements.

   **RESPONSE: Defendant objects to this request for production to the extent it seeks information that is vague, overly broad, and unduly burdensome.**

16. From or covering the period of January of 2023 to the present, any written material referring or relating to Defendant's policies regarding regular and overtime pay as it relates to Plaintiff.

    **RESPONSE**:  See attached.

17. All documents regarding the hours of employment that reflect work shifts and/or hours worked by Plaintiff in 2023, including but not limited to timesheets/punchcards, shift schedules, training schedules, payroll records, disciplinary/advisory meetings, and meeting schedules.

    **RESPONSE**:  See attached.

18. Any and all documents regarding the hours of employment and compensation of all employees at SOUTHERN ROAD & BRIDGE, LLC from January 2023 through the present, including but not limited to timecards (punchcards), work schedules, payroll records, and state and local tax records.

    **RESPONSE**:  **Objection. Overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence.**

19. All documents reflecting correspondence with any payroll provider regarding Plaintiff's compensation or hours of work in 2023.

    **RESPONSE**:  **Objection. Overbroad, vague, ambiguous.**

20. Notes, reports, e-mails, correspondence and other communications, and data entries regarding:

    a. Hours worked by Plaintiff in 2023;

    b. Plaintiff's rate of pay in 2023;

    c. Wages paid to Plaintiff in 2023;

    d. Overtime pay for Plaintiff in 2023;

    **RESPONSE**:  See response to Request for Production #17.

21. Documents showing policies of Defendant in effect during the period covered by this action regarding:

    a. Hours of work;

    b. Overtime;

    c. Methods of compensation;

    d. Distribution of compensation;

**RESPONSE:** **See response to Request for Production #16.**

22. All documents related to Defendant's alleged good faith efforts to comply with the FLSA with respect to their compensation of employees.

**RESPONSE:** **Objection. Vague, ambiguous and overbroad.**

23. All documents relating to any charges or claims against the Defendant within the past 7 years for violations of the FLSA and the Florida Minimum Wage Act.

**RESPONSE:** **None.**

24. All documents relating to any charges or claims against the Defendant within the past 7 years for violations of Title VII, the Florida Civil Rights Act, and Section 1981.

**RESPONSE:** **None.**

25. All written statements, notes, diaries, calendars, memoranda, reports or other documents made by Defendant, or on Defendant's behalf, relating to the issues raised by Plaintiff in his Complaint, or relating to Defendant's discriminatory conduct towards Plaintiff.

**RESPONSE:** **None in the Defendant's possession, custody, or control.**

**Discovery is ongoing and Defendant reserves the right to amend and/or supplement this response.**

26. All documents that relate or pertain to any position(s) that Plaintiff held with Defendant, including but not limited to, documents referring to or relating to Plaintiff's performance, evaluation, salary or wages, position(s) applied for, or any other employment related matters.

    **RESPONSE: Objection. Overbroad, vague, ambiguous. Subject to and without waiving said objections, please see attached.**

27. All documents that relate or pertain to any performance evaluations or job reviews of Plaintiff, during the course of Plaintiff's employment with Defendant.

    **RESPONSE: See attached.**

28. All written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff, during the course of his employment with Defendant.

    **RESPONSE: None in the Defendant's possession, custody, or control.**

29. All documents that relate or pertain to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during his employment with the Defendant.

    **RESPONSE: See attached.**

30. All documents that relate or pertain to Plaintiff's salary and wage records for the period in which the Plaintiff was employed by the Defendant, including but not limited to payroll records, commission records, W-2 forms, and 1099s Forms.

    **RESPONSE: See attached.**

31. The complete personnel file of Plaintiff NICHOLAS FORD including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, investigations, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file at any time; and, if not included in the personnel file, all documents which reflect or set forth Plaintiff's job duties and responsibilities during his relationship with Defendant, all performance evaluations and any other documents reflecting Defendant's evaluation of Plaintiff's work performance, formal discipline reports or write-ups, and all

documents that evidence, reflect or describe any complaints made by Plaintiff against Defendant or Defendant's employees or agents or complaints made about Plaintiff's work performance or complaints of any kind against Plaintiff.

**RESPONSE**:  See attached.

32. The complete personnel file of Ryan Witt, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Ryan Witt, and any complaints or reports about him made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives)

    **RESPONSE**:  See attached.

33. The complete personnel file of Isaac Ruiz, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Isaac Ruiz, and any complaints or reports about him made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

    **RESPONSE**:  See attached.

34. All documents that relate or pertain to Defendant's personnel handbook provided to employees at the outset of their employment, which was in effect during the course of Plaintiff's employment, which describes Defendant's employment policies to prevent discrimination under federal and state employment discrimination laws.

    **RESPONSE**:  See attached.

35. All documents that relate or pertain to Defendant's policies or procedures regarding harassment, discrimination, and retaliation which were in effect during Plaintiff's employment with the Defendant.

    **RESPONSE**:  See response to Request for Production #16.

36. All documents that relate or pertain to any of Defendant's policies, guidelines or procedures regarding the investigation of employee complaints of discrimination or retaliation, which were in effect during Plaintiff's employment with Defendant.

    **RESPONSE**:  See response to Request for Production #16.

37. All documents that relate or pertain to Defendant's policies, including EEO (Equal Employment Opportunity) policies, employee computer and internet use policies, internal complaint or grievance procedures, EAP Program, vacation and paid time off policies and procedures, and employee discipline policies (including but not limited to, counseling, written warnings, suspension, demotion, and termination policies), policies on promotions and/or severance pay, which were in effect during Plaintiff's employment with Defendant.

    **RESPONSE**:  See response to Request for Production #16.

38. All documents that relate or pertain to Defendant's policies concerning discrimination on the basis of race and/or color, which were in effect during Plaintiff's employment with Defendant.

    **RESPONSE**:  See response to Request for Production #16.

39. All documents that relate or pertain to Defendant's policies concerning protected activity and/or retaliation, which were in effect during Plaintiff's employment with Defendant.

    **RESPONSE**:  See response to Request for Production #16.

40. All documents that relate or pertain to Defendant's policies regarding reporting and complaining about unlawful and/or discriminatory behavior, which were in effect at any time during Plaintiff's employment.

    **RESPONSE**:  See response to Request for Production #16.

41. All documents that reflect, describe, or relate to the financial condition (including all assets and liabilities) of Defendant, for the past five (5) years, including but not limited to, financial statements, annual reports, balance sheets, asset and liability statements and profit and loss, and income tax returns (including information returns).

    **RESPONSE: Objection. Overbroad, unduly burdensome, not reasonably calculated to lead to discovery of admissible evidence.**

42. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Defendant since January 1, 2021.

    **RESPONSE: Objection. Overbroad, unduly burdensome, not reasonably calculated to lead to discovery of admissible evidence.**

43. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal complaints, discrimination, and/or retaliation, which were made by any person against any of Defendant's employees, agents, managers, officers, supervisors or directors at any time during Plaintiff's employment with Defendant.

    **RESPONSE: None.**

44. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Ryan Witt at any time during his employment.

    **RESPONSE: None.**
    .

45. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Isaac Ruiz at any time during his employment.

    **RESPONSE: None.**

46. All non-privileged documents of Plaintiff's complaints of harassment, discrimination, or retaliation, during the course of Plaintiff's employment with the Defendant.

    **RESPONSE**:  None.

47. All documents, including emails and text messages, relating to or evidencing any investigation by Defendant into Plaintiff's complaints of discrimination and/or harassment, which are at issue in this lawsuit, and the action taken in response to those complaints and/or investigations.

    **RESPONSE**:  **Objection. Attorney Client Privilege and Work Product.**

48. All documents supplied to any state, federal and/or local agency by Defendant regarding Plaintiff, including but not limited to any and all documents showing communications between Agency and any city, state, federal and/or local Official concerning Plaintiff, including position statements given to the U.S. Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations.

    **RESPONSE**:  **See attached.**

49. All documents that relate or pertain to Plaintiff's applications for promotions or alternative positions with Defendant throughout the entirety of his employment, including but not limited to applications, job postings, resumes, candidate lists, interview records/notes, and calendaring.

    **RESPONSE**:  None.
    .

50. All documents, including emails and text messages evidencing, reflecting, or describing, in whole or in part, the Plaintiff's termination.

    **RESPONSE**:  **See attached.**

51. All documents, including emails and text messages evidencing, reflecting, or describing, in whole or in part, the Defendant's family and/or medical leave policies.

    **RESPONSE**:  **See response to Request for Production #16.**

52. All documents you intend to introduce at trial and/or summary judgment to defend against Plaintiff's claims or to support the affirmative defenses raised in your answer.

    **RESPONSE**: **Objection. Overbroad.**

53. All documents that relate or pertain to those persons who Defendant intends to call as an expert witness, as well as the copy of said expert's report, memoranda or other items contained in said expert witness' file including all correspondence or emails between said expert and Defendant or Defendant's counsel, if any.

    **RESPONSE**: **Not retained yet.**

54. All documents received as a result of any subpoena(s), release(s), or FOIA request(s), you have issued in connection with this matter.

    **RESPONSE**: **None.**

55. All statements, oral or written, sworn or otherwise, taken from any witnesses, Defendant's current or former employees, officers, representatives, or agents or any third parties, and any memoranda of interviews concerning the subject matter of this litigation.

    **RESPONSE**: **Objection. Work Product.**

56. Any report or other documents provided to you by a private investigator that relate or refer to the above-styled matter.

    **RESPONSE**: **None.**

57. All documents which relate or pertain to any agreements between you and any third parties concerning Plaintiff or the subject matter of this action.

    **RESPONSE**: **None.**

58. All insurance policies pursuant to which any portion of claims alleged in this case will or may be indemnified.

    **RESPONSE**: **See attached.**

CASE NO.: 3:24-cv-00404-MCR-ZCB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th of January, 2025, a true and correct copy of the foregoing was emailed to: Daniel Barroukh Derek Smith Law Group, PLLC 520 Brickell Key Drive. Suite O-301 Miami, FL 33131 e-mail: danielb@dereksmithlaw.com; Counsel for Plaintiff Nicholas Ford.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant SOUTHERN ROAD & BRIDGE, LLC*
500 N. Westshore Boulevard, Suite 700
Tampa, Florida 33609
Telephone 813-560-2814
Facsimile 813-286-2900
Primary e-mail: brian.rubenstein@csklegal.com
Secondary e-mail: arthur.jonesiii@csklegal.com
Alternative e-mail: abbey.barnes@csklegal.com

By: */s/ Arthur L. Jones III*
ARTHUR L. JONES III
Florida Bar No.: 1008304
BRIAN D. RUBENSTEIN
Florida Bar No.: 16997

0151.0410-00