UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

NICHOLAS FORD and
ALONZO HAWKINS,  CASE NO.: 3:24-cv-00404-MCR-ZCB

      Plaintiffs,

v.

SOUTHERN ROAD & BRIDGE, LLC,

      Defendant.
_____/

**MOTION FOR EXTENSION OF TIME TO
FILE A MOTION TO SUBSTITUTE A PROPER PARTY**

Plaintiff, NICHOLAS FORD, by and through his undersigned counsel, and Derek Smith Law Group, PLLC hereby move this Court for an extension of time of ninety (90) days, up to and including June 5, 2026, to file a Motion to Substitute a Proper Party for Plaintiff Alonzo Hawkins, and in support state as follows:

1. This is an action for employment discrimination, hostile work environment, retaliation, and the failure to pay owed overtime wages.

2. Plaintiff, Alonzo Hawkins ("Mr. Hawkins"), tragically passed on September 13, 2025.

3. Mr. Hawkins died intestate.

4. In or around early December of 2025, Nicholas Ford, Mr. Hawkins' brother, notified the undersigned counsel of the passing of Mr. Hawkins.

5. Plaintiff's counsel filed a Suggestion of Death [D.E. 26] with the Court on December 8, 2025.

6. This Court ordered counsel to file a motion to substitute a proper party on or before March 9, 2026. *See* D.E. 27.

7. The probate administration for the Estate of Alonzo Hawkins has not yet been opened.

8. Plaintiff's counsel has made sufficient efforts to facilitate the opening of the estate.

9. At this time, Plaintiff and Plaintiff's counsel anticipate the opening of the estate will lapse the prescribed March 9, 2026, deadline.

10. Accordingly, Plaintiff respectfully requests an extension of time of ninety (90) days, up to and including June 5, 2026, to file a motion to substitute a proper party in lieu of the late Mr. Hawkins.

11. Plaintiff's request is made in good-faith and in the interest of justice, and Defendant will not incur undue prejudice by the extension of time.

12. To support the notion that Defendant will not be prejudiced, Defendant does not oppose the relief sought herein.

## **MEMORANDUM OF LAW**

Rule 6(b) of the Federal Rules of Civil Procedure provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

FED. R. CIV. P. 6. Plaintiff's time to file the motion to substitute a proper party has not expired, and therefore, Plaintiff need only show "good cause." *See Alarm Grid, Inc. v. Alarm Club.com, Inc.*, 2018 WL 679490 (S.D. Fla. 2018). Here, Plaintiff has, as set forth in detail above, established "good cause.'

2

Importantly, it is well established that "[t]he history of Rule 25(a) . . . makes clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Knox v. United States*, 2013 U.S. Dist. LEXIS 78133 at 4 (M.D. Ala. 2013) (granting plaintiff's motion) (citing *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993)). In *Hall v. Infirmary Health Sys.*, the honorable Court granted an extension of ninety days where, among other reasons, "plaintiff's counsel represented that he was prepared to substitute a proper plaintiff and defendants would not incur undue prejudice if the period was extended." *Id*. (citing *Hall v. Infirmary Health Sys.*, 2008 U.S. Dist. LEXIS 31028 (S.D. Ala. Apr. 15, 2008)). Accordingly, "the Court begins with the premise that Rule 25(a) is not intended to be used to "bar . . . otherwise meritorious actions." *Schmidt v. Merrill Lunch Trust Co.*, 2008 U.S. Dist. LEXIS 31028 at *2 (M.D. Fla. June 30, 2008) (quoting *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966)).

**WHEREFORE**, Plaintiff and Derek Smith Law Group, PLLC respectfully request an extension of time of ninety (90) days, up to and including June 5, 2026, to file a motion to substitute a proper party in lieu of the late Alonzo Hawkins.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel has conferred with counsel for the Defendant, who has advised that the Defendant does not oppose the relief sought herein.

Dated:  Miami, Florida  
       February 17, 2026

**DEREK SMITH LAW GROUP, PLLC**  
*Counsel for Plaintiff*

/s/ Daniel J. Barroukh  
Daniel J. Barroukh, Esq.  
Florida Bar No.: 1049271  
Derek Smith Law Group, PLLC  
520 Brickell Key Dr, Suite O-301  
Miami, FL 33131  
Tel: (786) 688-2335  
Fax: (305) 503-6741  
Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on February 17, 2026, on all counsel of record on the service list below via the Court's CM/ECF system.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**COLE, SCOTT & KISSANE, P.A.**
500 N. Westshore Boulevard, Suite 700
Tampa, FL 33609
Telephone: (813) 560-2814
Facsimile: (813) 286-2900

Brian D. Rubenstein, Esq.
Brian.rubenstein@csklegal.com
Florida Bar No.: 16997

*Attorneys for Defendant*