**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

NICHOLAS FORD and
ALONZO HAWKINS,                                CASE NO.: 3:24-cv-00404-MCR-ZCB

      Plaintiffs,

    v.

SOUTHERN ROAD & BRIDGE, LLC,

      Defendant.

_____/

## MOTION SEEKING LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFFS, NICHOLAS FORD AND ALONZO HAWKINS, AND INCORPORATED MEMORANDUM OF LAW

Daniel J. Barroukh, Esq., respectfully moves this Court, pursuant to Local Rule 11.1(H) of the United States District Court for the Northern District of Florida and Rule 4-1.16(b) of the Rules Regulating The Florida Bar, for entry of an order granting him leave to withdraw as counsel of record for Plaintiffs, Nicholas Ford and Alonzo Hawkins. In support of this Motion, undersigned counsel respectfully states as follows.

## I.   INTRODUCTION AND RELIEF REQUESTED

This Motion seeks the relief of permitting one of two attorneys of record for Plaintiffs to withdraw from this matter where: (a) Plaintiff Nicholas Ford has provided informed consent to the withdrawal[1]; (b) Nicolas A. Yoda of Derek Smith Law Group, PLLC will continue to represent Plaintiffs without interruption; and (c) there is no risk of failing to abide by the scheduling order's deadlines. Granting the Motion will impose no burden on any party, will not delay any proceeding, and will not deprive Plaintiffs of competent and continuous representation.

---

[1]To confirm with the Court, Plaintiff Alonzo Hawkins is deceased. ECF No. 26.

The requested withdrawal can be accomplished without material adverse effect on Plaintiffs' interests under Rule 4-1.16(b)(1) because (i) Plaintiff Ford has consented to the withdrawal, (ii) Plaintiffs will remain represented by competent, fully informed counsel from the same law firm, and (iii) will lose no work product, institutional knowledge, or strategic continuity, all of which remain with the attorneys at Derek Smith Law Group, PLLC.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

1.      Plaintiffs are currently represented in this action by two attorneys, Nicolas A. Yoda (Florida Bar No. 1015597), and the undersigned, Daniel J. Barroukh, Esq. (Florida Bar No. 1049271).

2.      Undersigned counsel has departed Derek Smith Law Group, PLLC. Nicolas Yoda – who has appeared as counsel of record for Plaintiffs – will remain at Derek Smith Law Group, PLLC and continue to represent Plaintiffs in this matter without interruption.

3.      Plaintiff Ford has provided express consent to the withdrawal of undersigned counsel from this matter and confirmed that they wish to continue being represented by Nicolas A. Yoda and Derek Smith Law Group, PLLC.

4.      No pretrial deadlines would be affected by undersigned counsel's withdrawal.

5.      In the interest of full transparency, undersigned counsel's departure is for personal and professional reasons unrelated to this litigation and unrelated to any disagreement with Plaintiffs or with Defendants.

**MEMORANDUM OF LAW**

## III.    THE GOVERNING LEGAL STANDARD

    *A.      Local Rule 11.1(d)(3) and the Florida Rules of Professional Conduct.*

Local Rule 11.1(H)(b) of this Court provides that, with exceptions not relevant here, "An attorney who has appeared in a case may not withdraw unless... the client consents and the withdrawal will leave the client with another attorney of record who intends to continue in the case" N.D. Fla. L.R. 11.1(H). This Court incorporates, as the canons of professional conduct governing attorneys practicing in this District, "the current Rules Regulating The Florida Bar."

Permissive withdrawal is governed by Rule 4-1.16(b) of the Rules Regulating The Florida Bar, which provides in relevant part:

Except as stated in subdivision (b), a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . . [or] (5) other good cause for withdrawal exists.

R. Regulating Fla. Bar 4-1.16(b)(1), (5). The attorney seeking to withdraw bears the burden of establishing one of the bases enumerated in Rule 4-1.16(b). *Sands v. Moron*, 339 So. 2d 307, 307 (Fla. 4th DCA 1976). The decision whether to grant a motion to withdraw rests within the sound discretion of the district court. *See, e.g.*, *Patnaude v. Sears Pest Control, Inc.*, 2009 U.S. Dist. LEXIS 154005, at *2 (S.D. Fla. June 29, 2009).

### B.        Application of Rule 4-1.16(b)(1): the "Material Adverse Effect" Standard.

Withdrawal under Rule 4-1.16(b)(1) is appropriate when it can be accomplished without "material adverse effect on the interests of the client." R. Regulating Fla. Bar 4-1.16(b)(1). The American Bar Association recently reaffirmed the analytical framework for the parallel Model Rule, explaining that the "salient question" under Rule 1.16(b)(1) is whether withdrawal would cause the client a "significant" harm – i.e., "significant harm to the forward progress of the client's matter, significant increase in the cost of the matter, or significant harm to the client's ability to achieve the legal objectives that the lawyer previously agreed to pursue." ABA Standing Comm.

3

on Ethics & Pro. Resp., Formal Op. 516, at 3 (Apr. 2, 2025). The opinion specifically identifies, as circumstances in which withdrawal does *not* materially adversely affect the client, situations in which "the case is at an early stage," the client "has retained successor counsel," or "the client has given the lawyer ample notice." *Id.*

Each of those circumstances is present here: all deadlines are being followed in a timely manner and will not need to be reset; Plaintiffs Nicholas Ford and Alonzo Hawkins continue to be represented by Nicolas A. Yoda and Derek Smith Law Group, PLLC; and Plaintiff Ford has consented to the withdrawal of Daniel J. Barroukh as counsel and to continue being represented by Nicolas A. Yoda.

## IV.    ARGUMENT

### A.    *The Withdrawal Can Be Accomplished Without Material Adverse Effect on Plaintiff's Interests Under Rule 4-1.16(b)(1).*

This Motion satisfies the first enumerated basis for permissive withdrawal under Rule 4-1.16(b)(1), for three independent and mutually reinforcing reasons.

First, Plaintiff Ford has provided express consent. As ABA Formal Opinion 516 explains, the analysis under Rule 1.16(b)(1) focuses on whether withdrawal would cause the client significant harm to the forward progress of her matter or to his ability to achieve his legal objectives. ABA Formal Op. 516, at 3. Where, as here, Mr. Ford has reviewed the proposed withdrawal and consented – knowing exactly which attorney will continue to represent him – the client's own assessment of his interests is entitled to substantial weight.

Second, Plaintiffs will remain represented by a competent attorney from the same law firm, ensuring complete continuity of representation. Nicolas A. Yoda, Esq. will continue to represent Plaintiffs at Derek Smith Law Group, PLLC, the same firm that has represented them throughout

this litigation. There will be no transition to new counsel, no transfer of files, no learning curve, and no loss of institutional knowledge. The work product, strategy, and privileged information that have been developed in this matter remain entirely with the attorneys at Derek Smith Law Group, PLLC. Courts in the Eleventh Circuit have previously granted withdrawal under analogous circumstances. *See, e.g.*, *Bonilla v. Librati*, No. 1:21-cv-21588-KMM, ECF No. 269 (S.D. Fla. Apr. 1, 2022) (granting motion to withdraw where the plaintiff would "be adequately represented by other counsel who have appeared on his behalf in the above-captioned case").

Third, there are no deadlines that are unknown to Plaintiffs' current co-counsel, Nicolas A. Yoda, and the procedural posture of this case is precisely the type that the "material adverse effect" standard contemplates as appropriate for permissive withdrawal.

The withdrawal of one of two attorneys of record where the client consents, the same firm continues the representation through the remaining attorney, and the case has no unknown or unaddressed deadlines, does not threaten the forward progress of Plaintiffs' matter, will not increase the cost of the matter, and will not impair Plaintiffs' "ability to achieve the legal objectives that the lawyer previously agreed to pursue." ABA Formal Op. 516, at 3. Ultimately, the withdraw of Daniel J. Barroukh will not result in a material adverse effect.

## V.   CONCLUSION

This Motion is predicated on Rule 4-1.16(b)(1)'s "material adverse effect" standard and is supported by three independent grounds: (i) Plaintiff Ford's express consent; (ii) continuity of representation by an attorney from the same law firm that has represented both Plaintiffs throughout this litigation; and (iii) the early procedural posture of the case without risk of failing to abide by the scheduling order. Collectively, these grounds are sufficient to support withdrawal under Rule 4-1.16(b)(1).

**WHEREFORE**, Daniel J. Barroukh hereby respectfully requests this Honorable Court grant this Motion to Withdraw as counsel for Plaintiffs, Nicholas Ford and Alonzo Hawkins.

Dated this 29th day of May, 2026.

Respectfully submitted,

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.
Florida Bar No. 1049271
dbarroukh@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of May, 2026, a true and correct copy of the

foregoing document is being served on all counsel of record via transmission of Notices of

Electronic Filing generated by CM/ECF.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.
Florida Bar No. 1049271
dbarroukh@gmail.com

## SERVICE LIST

**DEREK SMITH LAW GROUP, PLLC**
Nicolas A. Yoda
Florida Bar No. 1015597
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Email: nicolas@dereksmithlaw.com
*Counsel for Plaintiffs*
**VIA CM/ECF**

**COLE, SCOTT & KISSANE, P.A.**
500 N. Westshore Boulevard, Suite 700
Tampa, FL 33609
Telephone: (813) 560-2814
Facsimile: (813) 286-2900

Brian D. Rubenstein, Esq.
Brian.rubenstein@csklegal.com
Florida Bar No.: 16997
Arthur L. Jones III, Esq.
Arthur,jones.iii@csklegal.com
Florida Bar No.: 1008304

*Attorneys for Defendant*

7